**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Lorenzo LOPEZ, Appellee.**

**No. 2006–CA–001500–MR.**

Court of Appeals of Kentucky.

April 18, 2008.

Rehearing Denied June 10, 2008.

Discretionary Review Denied by
Supreme Court Nov. 19, 2008.

Gregory D. Stumbo, Attorney General of
Kentucky, Matthew R. Krygiel, Assistant
Attorney General, Frankfort, KY, for appellant.

Samuel N. Potter, Assistant Public Advocate, Frankfort, KY, for appellee.

Before: COMBS, Chief Judge; DIXON,
Judge; KNOPF,[1] Senior Judge.

*OPINION*

COMBS, Chief Judge.

The Commonwealth of Kentucky appeals from a decision of the Fleming Circuit Court allowing Lorenzo Lopez to withdraw his guilty plea after he had been terminated from a pre-trial diversion program. We affirm.

On May 9, 2003, the Fleming County Grand Jury indicted Lopez on two counts of first-degree sexual abuse, a Class D felony pursuant to Kentucky Revised Stat-

---

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Jus- tice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

utes (KRS) 510.110. The indictment charged that between December 2002 and February 2003, Lopez sexually molested his stepchildren, who were both under the age of 12.

On April 14, 2004, Lopez filed a motion to enter a guilty plea as to the indictment along with a motion for pre-trial diversion pursuant to the statutory "Pretrial Diversion Program" set forth in KRS 533.250—533.262. In exchange for Lopez's guilty plea, the Commonwealth agreed to recommend sentences of two-years' imprisonment on each charge—with those sentences running concurrently. It also agreed that his case should be diverted for a period of five years. During this period of diversion, Lopez would be required to attend and to complete the Kentucky Sex Offender Treatment Program (SOTP). On July 19, 2004, the trial court entered an order that granted Lopez's motions and sentenced him in accordance with the Commonwealth's recommendations.

Lopez was terminated from the SOTP on December 29, 2005. In its "Special Supervision Report," the Division of Probation and Parole noted that the reasons for Lopez's termination were that he failed to admit to his involvement in the offenses for which he had been indicted and that he failed to successfully complete a "therapy task" within the allotted ninety-day period. The report recommended that a warrant be issued for Lopez's arrest for violation of his pretrial diversion agreement since he had failed to complete the SOTP. It further recommended that Lopez appear before the trial court for a hearing to declare his diversion void. On February 3, 2006, the court issued a bench warrant for his arrest.

Lopez appeared in court on March 3, 2006, for a hearing regarding his termination from the SOTP. Pursuant to the arguments presented at the hearing and

comments made by the Commonwealth, the court elected not to void Lopez's diversion agreement and decided to give him a second chance to complete his treatment. It entered an order to that effect on March 13, 2006. At the hearing, the court focused upon an argument made by Lopez's counsel that the SOTP counselor wanted Lopez to admit to allegations that had been part of a separate petition alleging dependency, neglect, and abuse previously filed against Lopez in Fleming District Court. The district court judge apparently had concluded that the petition lacked merit and had dismissed the action. Unfortunately, the record from this earlier proceeding is not before us. However, in the record of the circuit court case that is before us, the judge indicated that he did not think that it was appropriate for Lopez be forced to admit to something that he claimed he had not done in connection with an action that had been dismissed.

Two months later, on May 5, 2006, the Division of Probation and Parole filed another Special Supervision Report indicating that Lopez would not be re-admitted to the SOTP because he persisted in denying the conduct for which he had been indicted; if he wished to continue treatment, he would be obliged to resort to a private provider. The report also recommended that Lopez's diversion be revoked. The trial court held a hearing on this same day concerning the report.

Brenda Hatton, Lopez's counselor in the SOTP, testified that he was terminated for "lack of ownership" and for not progressing in treatment. She advised the court that the program had nothing more to offer him as a result of his refusal to cooperate. Lopez's counsel again expressed a concern that Lopez had been asked to admit to allegations that went beyond the scope of his guilty plea. Hatton acknowledged that the program want-

ed Lopez to admit to behavior that his stepchildren had talked about in reports filed in the dependency, abuse, and neglect proceeding—the proceeding that had been dismissed by the district court. She concluded: "Children lie all the time, sir. Rarely do they lie about sex abuse." The record is unclear as to what reports were being referenced with respect to the district court action. They were not presented at this hearing, and it could not be determined whether or in what degree they differed from those made part of the circuit court record (*e.g.*, Lopez's pre-sentence investigation report).

Lopez's counsel subsequently requested that the court remove the completion-of-treatment provision from the terms of Lopez's diversion agreement while keeping all other provisions in place. The Commonwealth responded that because Lopez had failed to meet the requirements of the SOTP, the court's only option was to void his pre-trial diversion in its entirety and to proceed to sentence him on his guilty plea. Lopez's counsel then indicated that if the court decided to void Lopez's diversion agreement, Lopez wished to withdraw his guilty plea and have the case set for trial. The Commonwealth objected. The court declined to rule at that point and set the matter for another hearing on June 2, 2006.

At this June 2 hearing, the parties repeated their earlier arguments. The Commonwealth again argued that allowing Lopez to withdraw his plea and proceed to trial was not an option if the court decided to void his diversion agreement. Lopez's counsel argued that Lopez should not be punished for refusing to admit to conduct of which he claimed to be innocent. He requested that his guilty plea be invalidated and that his case be set for trial. The court orally granted Lopez's motion to withdraw his guilty plea and ordered that his case be set for trial.

On July 7, 2006, the court memorialized its oral ruling with a written order that terminated Lopez's diversion and vacated his guilty plea. The order provides, in its entirely, as follows:

Upon motion of the Defendant to withdraw his plea and terminate his diversion agreement, and the court considering arguments of counsel and being sufficiently advised;

The Court hereby makes the following finding of facts and conclusion of law:

1. The defendant entered into a Probation/Pretrial Diversion Agreement on the 14th day of July, 2004 pursuant to RCr 8.04.

2. One condition was that the Defendant complete Sex Offender Treatment Program. (SOTP)

3. On February 3, 2006 the Commonwealth moved to revoke the pretrial diversion program for failure to complete the SOTP.

4. On March 3, 2006 the Court found that the Defendant had not materially violated the diversion agreement, and ordered him to continue SOTP.

5. Upon being informed that the SOTP refused further treatment for Mr. Lopez the case returned to Court on May 5, 2006.

6. A hearing was held on May 5, 2006 and the Commonwealth presented evidence that the SOTP would no longer accept Mr. Lopez. In response defense counsel moved to withdraw Mr. Lopez's plea of guilty and terminate the diversion agreement.

7. After listening to testimony and witnesses and arguments of counsel, the court took the motion under advisement.

### CONCLUSIONS OF LAW

A. The Defendant has not materially violated the conditions of his diversion agreement.

B. It is not possible for the Defendant to comply with the terms of the diversion as originally drafted.

C. A guilty plea must be a knowing, intelligent, and voluntary waiver of the right to a jury trial.

D. The Defendant lacked an understanding of the terms of the diversion agreement and guilty plea. Therefore, his guilty plea was not knowing, intelligent, and voluntary.

### ORDER

IT IS HEREBY ORDERED AND ADJUDGED that the Defendant, Lorenzo Lopez's diversion agreement is terminated and [his] guilty plea is vacated. The case is reset on the Fleming Circuit Court Docket for [August 4,] 2006 to determine a trial date.

The Commonwealth objected and filed this appeal.

■ The Commonwealth argues that the trial court erred by allowing Lopez to withdraw his guilty plea. It contends that Lopez's guilty plea was entered knowingly, voluntarily, and intelligently. Because he failed to comply with the terms of his diversion agreement, the court was required by KRS 533.256 to sentence him in accordance with his guilty plea. KRS 533.256, which is entitled "Failure to complete provisions of pretrial diversion agreement," provides as follows:

(1) If the defendant fails to complete the provisions of the pretrial diversion agreement within the time specified, or is not making satisfactory progress toward the completion of the provisions of the agreement, the Division of Probation and Parole, the victim, or a peace officer may inform the attorney for the Commonwealth of the alleged violation or noncompliance, and the attorney for the Commonwealth may apply to the court for a hearing to determine whether or not the pretrial diversion agreement should be voided and the court should proceed on the defendant's plea of guilty in accordance with the law.

(2) In making a determination as to whether or not a pretrial diversion agreement should be voided, the court shall use the same criteria as for the revocation of probation, and the defendant shall have the same rights as he or she would if probation revocation was sought.

(3) Making application for a pretrial diversion agreement tolls any statute of limitations relative to the criminal offenses for which the application is made for the period until the application is granted or denied. Approval of the application for pretrial diversion by the court tolls any statute of limitations relative to criminal offenses diverted for the period of the diversion agreement.

(4) If the court voids the pretrial diversion agreement, the court shall notify the applicable prosecutor in writing that the pretrial diversion agreement has been voided and the reasons for the action. The prosecutor shall decide whether or not to proceed on the plea of guilty in accordance with the law.

Lopez argues in response that the Commonwealth's interpretation of KRS 533.256 violates the separation of powers clauses of the Kentucky Constitution (§§ 27 and 28) because it interferes with the authority of the judicial branch to determine if a plea of guilty may be withdrawn pursuant to Kentucky Rules of Criminal Procedure (RCr) 8.10. In effect, the Commonwealth is arguing that such a determination should be transferred from the judicial to

the executive branch. We have refrained from addressing this constitutional argument because we have concluded that the trial court did not err in granting Lopez's motion to withdraw his guilty plea.

Lopez's diversion agreement falls under the ambit of the statutory "Pretrial Diversion Program," KRS 533.250, *et seq.*, and not under RCr 8.04 as indicated by the trial court in its order. RCr 8.04 generally applies to district court proceedings. *See Flynt v. Commonwealth,* 105 S.W.3d 415, 424 (Ky.2003). It is RCr 8.10 that governs the plea bargaining process at issue in this case.

 RCr 8.10 provides that "[a]t any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted...." A motion to withdraw a guilty plea pursuant to RCr 8.10 is generally addressed to the sound discretion of the trial court and is reviewed to determine only if the court abused that discretion. *Williams v. Commonwealth,* 229 S.W.3d 49, 51 (Ky.2007); *Edmonds v. Commonwealth,* 189 S.W.3d 558, 570 (Ky. 2006). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999). If a guilty plea is found to have been entered involuntarily, the motion to withdraw it must be granted. If the plea is found to have been voluntary, the court still may—within its discretion—either grant or deny the motion. *Williams,* 229 S.W.3d at 51; *Rigdon v. Commonwealth,* 144 S.W.3d 283, 288 (Ky.App.2004).

A trial court exercises great discretion in allowing a party to withdraw his guilty plea pursuant to RCr 8.10. KRS 533.256(1) reinforces that discretion for the court "to determine whether or not the pretrial diversion agreement should be

voided and the court should proceed on the defendant's plea of guilty in accordance with the law." Thus, a court retains the inherent authority to examine whether a defendant has or has not complied with his diversion agreement.

Although our case law is sparse in construing KRS 533.256, our Supreme Court has held that when a defendant fails to successfully complete pre-trial diversion, "KRS 533.256 contemplates that the trial court will enter final judgment in accordance with the defendant's guilty plea." *Flynt,* 105 S.W.3d at 418. While this proposition generally governs, it is not universal in its application. We are persuaded that the trial court correctly determined that it should not apply in light of the unique facts of this case.

The trial court was presented with evidence suggesting that Lopez's SOTP counselors sought to compel him to admit to conduct of which he claimed to be innocent. The counselors made his admission a condition precedent to its determination of his success in the treatment and to his completion of the program. Although such evidence was not overwhelming, this possibility obviously concerned the court enough to persuade it to void Lopez's pretrial diversion agreement **and** to allow him to withdraw his guilty plea. The result is unusual, admittedly; however, we cannot say that the trial court lacked the discretion to act as it did.

RCr 8.10 allows a defendant to withdraw a guilty plea "[a]t any time before judgment." Our Supreme Court has interpreted *judgment* for purposes of RCr 8.10 as meaning a "final judgment." *See Bronk v. Commonwealth,* 58 S.W.3d 482, 486 (Ky.2001). Pursuant to KRS 533.250, pre-trial diversion essentially delays the final adjudication of a criminal complaint against a defendant. Our Supreme Court has described pre-trial diversion as an "**interruption** of prosecution **prior to final**

disposition." *Flynt,* 105 S.W.3d at 424. (Emphasis added.) Thus, withdrawal of a guilty plea pursuant to RCr 8.10 remains a viable possibility in cases where pre-trial diversion has been granted since by definition those cases have not been finally adjudicated.

We are persuaded that the court scrupulously evaluated the attenuating circumstances in this case before deciding to void the diversion agreement and to allow Lopez to withdraw his plea. We have found nothing in the record to undermine its legitimate exercise of its discretion so as to render its decision "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *English,* 993 S.W.2d at 945. On the contrary, the court performed its duty carefully and tailored its decision to the unique facts of this case.

Accordingly, we affirm the judgment of the Fleming Circuit Court.

ALL CONCUR.