Robert E. THOMAS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2001–SC–0806–DG.

Supreme Court of Kentucky.

Jan. 23, 2003.

Bruce A. Brightwell, Louisville, for Appellant.

A.B. Chandler III, Attorney General, Anitria M. Franklin, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

Opinion of the Court by Justice GRAVES.

On December 13, 1999, Appellant, Robert E. Thomas, entered a plea of guilty in the Daviess Circuit Court to possession of a controlled substance in the first degree. KRS 218A.1415. The plea resulted from a 1998 charge which was reduced from first-degree trafficking to first-degree possession of crack cocaine, with a recommended three-year sentence. Appellant thereafter requested placement in the Drug Court Diversion Program. However, before the trial court ruled on Appellant's request, he was arrested on December 24, 1999, in Muhlenberg County and charged with possession of a firearm by a convicted felon pursuant to KRS 527.040, based on his guilty plea to the Daviess County drug charge. Subsequently, on January 28, 2000, the Daviess Circuit Court approved Appellant's participation in the Drug Court Diversion Program.

On February 22, 2000, Appellant was indicted in Muhlenberg County on the firearm possession charge. Appellant moved to dismiss the charge on the grounds that he was not a convicted felon because at the time of his arrest he was under consideration for the drug court program. As such, Appellant argued he had not been "convicted" on the Daviess County drug charge. The Muhlenberg Circuit Court denied the motion and Appellant was thereafter found guilty of possession of a firearm by a convicted felon and sentenced to five years imprisonment. The Court of Appeals affirmed the conviction and this Court thereafter accepted discretionary review.

Appellant first argues that the Muhlenberg Circuit Court erred in denying his motion to dismiss the charge of possession of a firearm by a convicted felon. It is Appellant's contention that at the time he was arrested for possessing the firearm he was not a "convicted felon" for purposes of KRS 527.040, because a judgment had not yet been entered in the Daviess County drug case. In fact, at the time of Appellant's arrest in Muhlenberg County, his request for enrollment in the Drug Court program was pending in the Daviess Circuit Court. That request was approved after his arrest but prior to his indictment on the firearm charge.

In *Commonwealth v. Reynolds*, Ky., 365 S.W.2d 853, 854 (1963), our predecessor court engaged in an analysis of the term "convicted" or "conviction" and noted:

The word generally means the ascertainment of defendant's guilt by some legal mode and adjudication that the accused is guilty. This may be accomplished by a confession by the accused in open court, a plea of guilty or a verdict which ascertains and publishes the fact of guilt. We believe ... in the majority of jurisdictions ... the word "conviction" is not limited to a final judgment.

Kentucky Law has recognized the equivocal nature of these terms and has held that the meaning implicated depends upon the particular statute in question. *Id.; Kentucky County Judge/Executive Association, Inc. v. Justice Cabinet, Department of Corrections*, Ky.App., 938 S.W.2d 582 (1996); *Dial v. Commonwealth*, 142 Ky. 32, 133 S.W. 976 (1911).

In denying Appellant's motion to dismiss the firearm possession charge, the trial court, and subsequently the Court of Appeals, relied upon *Grace v. Commonwealth*, Ky.App., 915 S.W.2d 754 (1996), in concluding that Appellant was, in fact, a convicted felon by virtue of his guilty plea to the prior drug charge in Daviess County.

In *Grace, supra,* the defendant had pled guilty to a felony drug offense but had not yet been sentenced when he was charged with possession of a handgun by a convicted felon in violation of KRS 527.040. The Court of Appeals analogized KRS 527.040 to the Federal Gun Control Act of 1968 and its definition of a "convicted" felon, specifically examining 18 U.S.C. § 922(h)(1) which prohibits possession of a firearm by felons. The Court of Appeals concluded that for purposes of the federal act, the term "conviction" is synonymous with the determination of guilt. Further:

If guilt is established via a guilty plea or a verdict, and nothing remains except for imposing a sentence, the particular defendant is deemed 'convicted' for purposes of 18 U.S.C. § 922. We conclude that once the appellant's plea of guilty was accepted by the court, and he was found by the court to be guilty, he became a 'convicted felon' for purposes of KRS 527.040.

*Grace, supra,* at 756 (citation omitted).

We believe this case is analogous to *Grace, supra.* At the time Appellant was arrested in Muhlenberg County on the firearm possession charge, he had entered a plea of guilty in the Daviess Circuit Court and was simply waiting for the court to rule on his request to participate in the drug court program in lieu of a sentence of imprisonment. When Appellant freely, knowingly, and intelligently entered a plea of guilty to first-degree possession of a controlled substance, he acknowledged the fact of having committed a crime and accepted legal responsibility for a criminal act. Thus, Appellant's status as a "convicted felon" was established, and all that remained was the imposition of a sentence.

The drug court diversion order entered by the Daviess Circuit Court provided, in pertinent part:

5. The Defendant has freely, knowingly, and intelligently entered a plea of guilty to the offense of Possession of a Controlled Substance in the First Degree, . . . .

8. In the event the Defendant fails to successfully complete the terms and conditions of the Daviess County, Kentucky, Drug Court Diversion Program and the Court voids this agreement, the Defendant understands that a sentence of three (3) years in the penitentiary may be imposed upon him.

The order further provided that if Appellant successfully completed the program, he could thereafter move to have his guilty plea withdrawn and dismissed. Similarly, KRS 533.258(1) states that "If the defendant successfully completes the provisions of the pretrial diversion agreement, the charges against the defendant shall be listed as 'dismissed-diverted' and shall not constitute a criminal conviction."

The entry of a guilty plea and the language of KRS 533.258(1), lead to the logical conclusion that a convicted felon status would remain from the date of Appellant's guilty plea on December 13, 1999, until such time, if ever, that he would successfully complete the Drug Court Diversion Program. Until such time, the conviction remains and Appellant does not qualify for the other benefits of the pretrial diversion statute. At the time Appellant entered the Drug Court Diversion Program, he had the potential to have his status as a "convicted felon" changed at some point in the future. However, by committing the firearm offense on December 24, 1999, he was no longer qualified for participation in the Drug Court Diversion Program.

Next, Appellant takes issue with the Muhlenberg Circuit Court's failure to con-duct an evidentiary hearing and issue findings of fact on his suppression motion. Appellant made an oral motion on the morning of trial to suppress statements he made to police as well as the seizure of the handgun. Appellant argued that his statement that he had a gun was the result of improper custodial interrogation and that the gun was the fruit of an illegal search. Although the record contains no formal factual findings, it also contains no written suppression motion and no request for findings. The record indicates that the trial court conducted an evidentiary hearing in chambers, heard testimony from witnesses, and considered all the evidence offered by the parties. After reviewing the evidence, the trial court properly denied Appellant's suppression motion. We find no abuse of discretion on the part of the trial court. *See Partin v. Commonwealth*, Ky., 918 S.W.2d 219 (1996).

For the reasons stated herein, we affirm the decision of the Court of Appeals.

All concur.