Glen Alan PEELER, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2007–CA–001483–MR.

Court of Appeals of Kentucky.

Dec. 12, 2008.

Rebecca Hobbs, Frankfort, KY, for appellant.

224

Jack Conway, Attorney General of Kentucky, David W. Barr, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER and WINE, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

LAMBERT, Senior Judge (Assigned).

The issue presented for review is whether it was reversible error for Glenn Peeler to be sentenced to prison following his removal from the Hardin Circuit Court pretrial diversion program without a separate sentencing hearing and a new presentence investigation report.

On March 13, 2007, Peeler pled guilty to an amended charge of first-degree wanton endangerment in exchange for the Commonwealth's offer of pre-trial diversion. The agreement provided that Peeler must forfeit any and all items seized during his arrest, complete thirty-two hours per week of employment, community service, or a combination of both, and have no contact with the victim. The order granting pre-trial diversion also provided that

If the Court finds the Defendant fails to successfully complete Pretrial Diversion and voids the agreement, the Court may impose a sentence equal or less than the penalty recommended by the prosecutor. The Court may not enter a sentence which exceeds the Commonwealth's prior recommendation.

On July 3, 2007, the Hardin Circuit Court held a hearing to determine whether Peeler had violated the terms and conditions of pre-trial diversion. During the hearing, Peeler was represented by counsel who argued that Peeler should not be removed from the diversion program or, in the alternative, that he should not be sent to prison. After considering the defendant's arguments, in an order dated July 16, 2007, the Hardin Circuit Court found Peeler in violation of the conditions of the pre-trial diversion agreement and sentenced him to serve five years in prison. This appeal followed.

Peeler claims that the Hardin Circuit Court erred by sentencing him to prison without a separate sentencing hearing following the court's determination that he had violated the conditions of pre-trial diversion, and also by sentencing him without an updated PSI. We agree and reverse the trial court on the view that the essence of diversion is postponed sentencing. Upon the failure of pretrial diversion, a subsequent sentencing proceeding is required as provided by law.

The Kentucky General Assembly established the Pre-trial Diversion Program in 1998, thereby enabling qualifying defendants to obtain deferred sentencing for a specified period of time. *Flynt v. Commonwealth,* 105 S.W.3d 415, 417 (Ky.2003). When the specified time has elapsed and provided the defendant has maintained the conditions of the diversion agreement, the charges against the defendant are dismissed. *Hyatt v. Commonwealth,* 17 S.W.3d 121, 123 (Ky.App.2000); Kentucky Revised Statutes (KRS) 533.258(1).

However, if the defendant fails to abide by the agreement and violates the conditions of pre-trial diversion, "the Commonwealth may apply to the court for a hearing to determine whether or not the pretrial diversion agreement should be voided and the court should proceed on the defendant's plea of guilty in accordance with the law." KRS 533.256(1). If the court determines that the defendant has violated the terms and

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

conditions of his pre-trial diversion agreement with the Commonwealth, the court must decide whether or not to void the agreement. KRS 533.256(2). If the court voids the agreement, it must notify the prosecutor and "the prosecutor shall decide whether or not to proceed on the plea of guilty in accordance with the law." KRS 533.256(4). From these provisions, when the court decides that a defendant has violated the conditions of diversion and voided the defendant's agreement with the Commonwealth, the prosecutor has discretion to seek imposition of sentence pursuant to the guilty plea. The defendant has the same right to a sentencing hearing as if he or she had pled guilty without the diversion agreement. *U.S. v. Behrens,* 375 U.S. 162, 165, 84 S.Ct. 295, 297, 11 L.Ed.2d 224 (1963); RCr 11.02.[2] Prior to sentencing the defendant also has the right to a pre-sentence investigation or an updated pre-sentence investigation. *Fields v. Commonwealth,* 123 S.W.3d 914, 917 (Ky.App.2003); KRS 532.050; RCr 11.02. *See also, Cummings v. Commonwealth,* 226 S.W.3d 62 (Ky.2007).

From the architecture of KRS 533.256(1) and (4), it is clear that separate proceedings are contemplated. There must be a hearing to determine whether the diversion agreement should be voided, and a subsequent hearing to determine what action shall be taken thereafter. The Act does not suggest that a maximum sentence shall be automatically and immediately imposed, as it was in this case. Moreover, the language of the agreement of the parties, i.e. "the court may impose a sentence equal or less than the penalty recommended by the prosecutor," belies the idea of an automatic maximum sentence. From this language it is clear that on the defendant's failure to successfully complete diversion, the court must determine the appropriate penalty to be imposed, not exceeding the Commonwealth's original recommendation.

The Supreme Court of Kentucky considered the relationship of the trial court and the prosecutor in the pretrial diversion process in *Flynt v. Commonwealth, supra,* where the Court recognized that diversion under KRS 533.250 is not a sentencing alternative akin to a sentence of probation or conditional discharge. "The most significant distinguishing feature is that, unlike a sentence of imprisonment, probation, or conditional discharge, admission into a diversion program permits a defendant who successfully completes diversion to avoid a felony conviction entirely. And, we conclude that this interruption of prosecution prior to final disposition requires the Commonwealth's agreement." *Flynt,* 105 S.W.3d at 424. In *Commonwealth v. Lopez,* 267 S.W.3d 685 (Ky.App.2008), this Court relied on the "interruption of prosecution" view expressed in *Flynt* to decide whether the trial court had discretion to permit withdrawal of a guilty plea after a failed diversion. Answering in the affirmative, we said,

> Pursuant to KRS 533.250, pre-trial diversion essentially delays the final adjudication of a criminal complaint against a defendant. Our Supreme Court has described pre-trial diversion as an "interruption of prosecution prior to final disposition." *Flynt,* 105 S.W.3d at 424. Thus, withdrawal of a guilty plea pursuant to RCr 8.10 remains a viable possibility in cases where pre-trial diversion

---

**2.** RCr 11.02(1) provides in part, "The court shall consider the possibility of probation or conditional discharge and shall afford the defendant and the defendant's counsel an opportunity to make a statement or statements in the defendant's behalf and to present any information in mitigation of punishment."

has been granted since by definition those cases have not been finally adjudicated.

*Lopez,* 267 S.W.3d at 689–90. It follows that if the case has not been finally adjudicated at the diversion stage, there must be a proceeding to achieve finality.

Although Peeler's defense counsel failed to object to final sentencing at the diversion revocation hearing, we are not convinced that Peeler had sufficient notice that final sentencing was about to take place to require an objection, let alone sufficient time to prepare for an RCr 11.02 sentencing hearing. *Edmonson v. Commonwealth,* 725 S.W.2d 595 (Ky.1987). In any event, sentencing errors are not held to exacting standards of preservation, and we note that Peeler's counsel argued against imprisonment at the revocation hearing. *Cummings v. Commonwealth, supra.* We cannot say, therefore, that the result may not have been different if Peeler had been given his panoply of rights at a separate sentencing hearing. *Commonwealth v. Jeffries,* 95 S.W.3d 60 (Ky.2002).

Accordingly, we vacate the judgment of imprisonment entered herein and remand this cause to the Hardin Circuit Court for an updated pre-sentencing investigation and a final sentencing hearing.

ALL CONCUR.