**Samuel Ray PRATHER, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 2007–SC–000903–DG.

Supreme Court of Kentucky.

Nov. 25, 2009.

Julia Karol Pearson, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

We accepted discretionary review in this case to determine whether a defendant was entitled to the benefit of the concurrent sentencing statute, KRS 532.110(1)(a), if he pled guilty to misdemeanors and a felony at the same time and received diversion on the felony conviction, but was subsequently ordered to serve the sen-

tence on the felony. We hold that the concurrent sentencing provision was applicable to Appellant's case and thus reverse and remand for Appellant to be credited for time served on the misdemeanor convictions.

On September 4, 2001, Samuel Prather was indicted on charges of possession of marijuana, resisting arrest, carrying a concealed weapon, assault in the third degree (class D felony), and possession of a firearm while committing a violation of KRS Chapter 218 (class D felony). The indictment stated that all five violations occurred on August 26, 2001. On November 16, 2001, Prather pled guilty to the charges as follows. Pursuant to a plea agreement, the third-degree assault charge was amended to fourth-degree assault (misdemeanor) and he received a total sentence of six months in jail on the misdemeanors. As to the felony charge of possession of a firearm while committing a violation of KRS Chapter 218, the motion to enter the guilty plea and the order on the guilty plea both stated that said conviction was covered by a separate pre-trial diversion agreement. On the same date the order on the guilty plea was entered, January 22, 2002, the court entered its order granting pretrial diversion on the felony, fixing the period of diversion at five years, with two years to serve if Prather violated the terms of his diversion.

Prather served his six-month sentence from January 18, 2002 through July 4, 2002. On June 26, 2003, the court entered an order revoking Prather's diversion for numerous violations of the terms of his diversion and imposed the two-year sentence set out in the pre-trial diversion agreement. On that same date, the court entered a "JUDGMENT AND SENTENCE ON PLEA OF GUILTY", which referenced the 2002 guilty plea to possession of a firearm while committing a violation of KRS Chapter 218, the pre-trial diversion agreement, and the revocation of the pre-trial diversion. In the judgment, the court sentenced Prather to two years, probated for a period of five years.

On September 21, 2005, the court entered an order setting aside Prather's probation for multiple probation violations. In that order, Prather was sentenced to two years' imprisonment and was not credited for the time spent in custody on the misdemeanor convictions. Prather subsequently moved the court to order that he be credited for the time served on the misdemeanor convictions. The trial court denied the motion, reasoning that the concurrent sentencing statute, KRS 532.110(1)(a), was not applicable because Prather had not been formally sentenced on the felony until after he completed serving his sentence on the misdemeanors. The Court of Appeals affirmed, agreeing with the trial court that "the sentencing provisions afforded by KRS 532.110(1)(a) do not apply to Prather" because "[w]hen Prather was serving his six-month jail term for the misdemeanor convictions, he had not yet been convicted of the felony possession of a handgun charge."

Prather argues that pursuant to *Thomas v. Commonwealth,* 95 S.W.3d 828, 830 (Ky. 2003), he was convicted of the felony at the same time he was convicted of the misdemeanors, when the judgment was entered on his guilty plea on January 22, 2002, and not at the time he was ordered to serve the two-year sentence after his diversion and probation were revoked. Thus Prather maintains that the Court of Appeals erred in ignoring the holding in *Thomas.* And because he was convicted of the felony (indeterminate term) and the misdemeanors (definite term) at the same time, Prather contends that the mandatory concurrent sentencing provision in KRS

532.110(1)(a) would be applicable. KRS 532.110(1)(a) provides:

(1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:

(a) A definite and an indeterminate term shall run concurrently and both sentences shall be satisfied by service of the indeterminate term[.]

The question before us is whether the above statute applies to a felony and misdemeanor sentence, when the defendant has served out his misdemeanor sentence before beginning to serve his time on the felony sentence as a result of his diversion being revoked.

■ As a condition of pretrial diversion, the defendant is required to enter an *Alford* plea or a plea of guilty. KRS 533.250(1)(f). "If the defendant successfully completes the provisions of the pretrial diversion agreement, the charges against the defendant shall be listed as 'dismissed-diverted' and shall not constitute a criminal conviction." KRS 533.258(1). If the defendant fails to complete the diversion agreement, the diversion agreement can be voided by the trial court, and the court is to "proceed on the defendant's plea of guilty in accordance with the law." KRS 533.256(1). At that point, "[t]he defendant has the same right to a sentencing hearing as if he or she had pled guilty without the diversion agreement." *Peeler v. Commonwealth,* 275 S.W.3d 223, 225 (Ky.App.2008).

In *Thomas,* the appellant pled guilty to a felony and requested diversion. Before the trial court could rule on the diversion request, the appellant was arrested for possession of a firearm by a convicted felon. The felony element was based on the offense for which he had just pled guilty and requested diversion. The appellant argued that he could not be charged with possession of a firearm by a convicted felon because he was not a convicted felon at the time of that charge, as he was under consideration for diversion on the underlying felony. *Id.* at 828. This Court held that once the trial court accepted his guilty plea to the underlying felony, the appellant was a convicted felon until such time as he completed the diversion program. *Id.* at 830. Thus, the Court affirmed the conviction for possession of a firearm by a convicted felon.

In holding that the Commonwealth must first approve of pretrial diversion for a defendant, the Court in *Flynt v. Commonwealth,* 105 S.W.3d 415, 424 (Ky.2003), characterized pretrial diversion not as "simply a sentencing alternative," but as an "interruption of prosecution prior to final disposition" of the case. Citing *Thomas,* this Court noted, however, that "some disqualifications associated with a felony conviction are triggered by the guilty plea that KRS 533.250(1)(e) requires as a condition of pretrial diversion." *Id.* at 423.

■ The holding in *Thomas,* which was not addressed by the Court of Appeals, refutes the basis of the Court of Appeals ruling in the instant case—that Prather was not considered convicted of the felony charge while he was in the diversion program. The Commonwealth even concedes in its brief that "once a defendant enters a guilty plea and is a participant in a diversion program, he is considered a convicted felon until completion of the diversion program[,]" and that the Court of Appeals' conclusion to the contrary was erroneous. It follows that if the defendant is considered convicted of the offense once he enters the guilty plea and has the same right

to sentencing if the diversion is revoked as if he had not been granted diversion, then the final sentencing on the felony should be, for concurrent sentencing purposes, as if he had been sentenced at the same time as the misdemeanor(s) to which he pled guilty. Therefore, it would be immaterial that the defendant had already served out his time on the misdemeanor(s) at the time of final sentencing on the felony. Hence, we adjudge that the concurrent sentencing provision in KRS 532.110(1)(a) would be applicable in the instant case.

 Citing *Myers v. Commonwealth*, the Commonwealth argues that when Prather agreed to enter into pretrial diversion, he waived the concurrent sentencing provisions in KRS 532.110(1)(a). 42 S.W.3d 594, 597 (Ky.2001) (holding defendant may waive the maximum aggregate sentence limitation in KRS 532.110(1)(c)). Assuming that the concurrent sentencing provision of KRS 532.110(1)(a) could be waived by a defendant, any such waiver would have to be knowing and voluntary. *See id.* at 598. Here, there was no mention of waiver of concurrent sentencing in the plea agreement, guilty plea, plea colloquy, or pretrial diversion agreement. Accordingly, the Commonwealth's claim of waiver is without merit.

The Commonwealth also argues that even if Prather's misdemeanors and felony sentences should have run concurrently under KRS 532.110(1)(a), Prather was not entitled to credit for time served on the misdemeanors pursuant to KRS 532.120(3), which provides:

> Time spent in custody prior to the commencement of a sentence as a result of the charge that culminated in the sentence shall be credited by the court; imposing sentence toward service of the maximum term of imprisonment. If the sentence is to an indeterminate term of imprisonment, the time spent in custody prior to the commencement of the sentence shall be considered for all purposes as time served in prison.

The above statute is clearly not at issue in the present case because Prather is not seeking credit for time served on the same offense. And, contrary to the Commonwealth's position, the statute does not preclude giving credit for time served for purposes of remedying a sentencing error such as in the case at hand.

For the reasons stated above, the judgment of the Court of Appeals is reversed and the case is remanded to the Mason Circuit Court for entry of an order granting Prather credit on the felony sentence for the time served on the misdemeanors.

All sitting. All concur.