In re COMMONWEALTH of Kentucky, Plaintiff/Appellant

v.

Richard Eugene DERRINGER, Defendant/Appellee.

No. 2010–SC–000685–CL.

Supreme Court of Kentucky.

Dec. 20, 2012.

Jack Conway, Attorney General of Kentucky, Jeanne Deborah Anderson, Assistant Attorney General, Office of the Attorney General, Office of Criminal Appeals, Frankfort, KY, for Plaintiff/Appellant.

J. Gregg Clendenin, Nicholasville, KY, for Defendant/Appellee.

Certification of Law by Chief Justice MINTON.

Under Section 115 of the Kentucky Constitution and Kentucky Rules of Civil Procedure (CR) 76.37(10), the Commonwealth moved this Court to certify the law on the

question of whether a conviction for which a defendant is currently on felony pretrial diversion can be used as a qualifier to indict that defendant as a second-degree persistent felony offender (PFO 2) when he commits a later felony offense. We hold that it cannot. And we hold that the sentence for the prior felony must have been imposed at the time the defendant commits the later crime in order for the conviction to support a PFO 2 charge.

■ The question of law posed by the Commonwealth concerns the interplay between the PFO statute and the pretrial diversion program. "Conviction as a [PFO] is not a charge of an independent criminal offense but rather a particular criminal status[ ]" that enhances the punishment for a crime committed by a defendant who qualifies as a PFO.[1] The jury determines whether a defendant is a PFO in the penalty phase of trial, after the jury finds the defendant guilty of the underlying charge.[2] If a jury finds a defendant is a PFO, the defendant's sentence for the underlying offense is enhanced.[3] "Once the status of persistent felony offender has been established, the defendant can receive enhanced punishment on each and every subsequent felony."[4]

■ "The Kentucky General Assembly established the [pretrial diversion program] in 1998...."[5] Pretrial diversion is an interruption of prosecution, which allows a defendant to avoid a criminal conviction on his record if he successfully completes diversion. "As a condition of pretrial diversion, the defendant is required to enter an *Alford*[6] plea or a plea of guilty."[7] If the defendant successfully completes the provisions of the pretrial diversion agreement, "the charges against the defendant shall be listed as 'dismissed-diverted' and shall not constitute a criminal conviction."[8] But if the defendant fails to complete the provisions of the pretrial diversion agreement, the trial court voids the agreement, and the Commonwealth decides to proceed on the guilty plea, then "KRS 533.256 contemplates that the trial court will enter final judgment in accordance with the defendant's guilty plea."[9]

■ A prior felony conviction cannot form the basis of a PFO 2 charge unless a sentence for that conviction has been imposed at the time the defendant commits the present crime. When a defendant is granted pretrial diversion on a felony conviction, a sentence for that conviction is not imposed, if ever, unless and until the pretrial diversion agreement is voided. So a conviction for which a defendant is currently on diversion cannot be used to indict that defendant as a PFO 2 when he commits a subsequent felony offense.

## I. FACTUAL AND PROCEDURAL HISTORY.

A grand jury indicted Richard Derringer for multiple criminal charges, including being a PFO 2. The PFO 2 count was

1. *White v. Commonwealth*, 770 S.W.2d 222, 224 (Ky.1989).

2. Kentucky Revised Statutes (KRS) 532.080(1).

3. KRS 532.080(5) and (6).

4. *Kroth v. Commonwealth*, 737 S.W.2d 680, 681 (Ky.1987) (citation omitted).

5. *Peeler v. Commonwealth*, 275 S.W.3d 223, 224 (Ky.App.2008).

6. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

7. *Prather v. Commonwealth*, 301 S.W.3d 20, 22 (Ky.2009); (*citing* KRS 533.250(1)(f)).

8. KRS 533.258.

9. *Flynt v. Commonwealth*, 105 S.W.3d 415, 418 (Ky.2003); KRS 533.256(1) and (4).

based on an earlier conviction for which Derringer was granted diversion under KRS 533.250. Derringer was still on diversion at the time the grand jury indicted him for the later offenses. Derringer moved to dismiss the PFO 2 count, arguing that he had not been finally sentenced on the previously diverted felon. The trial court agreed and granted Derringer's motion, dismissing the PFO 2 count. We granted the Commonwealth's certification request to determine whether a defendant, like Derringer, who is on pretrial diversion for a felony offense can be charged with being a PFO 2 when he commits another crime while on diversion.[10]

## II. A FELONY CONVICTION CANNOT SERVE AS THE BASIS FOR A PFO CHARGE UNLESS A SENTENCE FOR THAT FELONY HAS BEEN IMPOSED.

 In determining whether a conviction for which a defendant is currently on diversion can be used as the basis of a PFO charge, we must begin by analyzing the plain language of the statute, "generally construing non-technical words according to their common meanings."[11] "In cases involving statutory interpretations, the duty of the [C]ourt is to ascertain and give effect to the intent of the General Assembly. We are not at liberty to add or subtract from the legislative enactment or discover meanings not reasonably ascertainable from the language used."[12]

A second-degree persistent felony offender is "a person who is more than twenty-one (21) years of age and who stands convicted of a felony after having been convicted of one (1) previous felony."[13]

[A] previous felony conviction is a conviction of a felony in this state or conviction of a crime in any other jurisdiction provided:

(a) That a sentence to a term of imprisonment of one (1) year or more or a sentence to death was imposed therefor; and

(b) That the offender was over the age of eighteen (18) years at the time the offense was committed; and

(c) That the offender:

1. Completed service of the sentence imposed on the previous felony conviction within five (5) years prior to the date of commission of the felony for which he now stands convicted; or

2. Was on probation, parole, post[-]incarceration supervision, conditional discharge, conditional release, furlough, appeal bond, or any other form of legal release from any of the previous felony convictions at the time of commission of the felony for which he now stands convicted; or

3. Was discharged from probation, parole, post-incarceration supervision, conditional discharge, conditional release, or any other

---

10. Because Derringer was charged with being a PFO 2, we frame the question in the context of a PFO 2 charge. But the same analysis applies when determining whether a defendant can be charged with being a first-degree PFO. The requirements for a previous felony conviction are the same for PFO 1 and PFO 2 charges, except that a first-degree persistent felony offender is one who has been previously convicted of two felonies. KRS 532.080(3).

11. *Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky.2011) (citations omitted).

12. *Commonwealth v. Harrelson*, 14 S.W.3d 541, 546 (Ky.2000) (citation omitted).

13. KRS 532.080(2).

form of legal release on any of the previous felony convictions within five (5) years prior to the date of commission of the felony for which he now stands convicted; or

4. Was in custody from the previous felony conviction at the time of commission of the felony for which he now stands convicted; or

5. Had escaped from custody while serving any of the previous felony convictions at the time of commission of the felony. for which he now stands convicted.[14]

Under the plain language of KRS 532.080(2), a defendant is convicted of a previous felony that can serve as the basis of a PFO 2 charge if (1) a sentence to a term of imprisonment of one year or more or a sentence to death was imposed, (2) the defendant was over 18 years old at the time he committed the offense, and (3) one of the five alternatives listed under subsection (c) is met.

The Commonwealth argues that the focus of the PFO statute is on the prior felony conviction, not the imposition of a sentence for that prior conviction.[15] Under the Commonwealth's view, the requirement that a sentence of one year or more or a death sentence be imposed is intended merely to ensure the previous crime was a felony; and the "intent and spirit of the statutory phrase is not about the final determination of the length of the sentence."

If the Commonwealth is correct that only a prior felony conviction, and not the imposition of a sentence, is required, then a strong argument exists that a defendant can be indicted for being a PFO 2 while currently on diversion for the previous felony conviction that serves as a basis for the PFO charge. A defendant is required to enter an *Alford*[16] plea or a guilty plea before pretrial diversion is granted.[17] And, for certain purposes, the guilty plea required of the defendant as a condition of pretrial diversion is considered a felony conviction until completion of the diversion program.[18]

In *Thomas v. Commonwealth*,[19] the defendant pled guilty to a felony and requested diversion. Before the trial court ruled on the defendant's request, he was arrested and charged with possession of a firearm by a convicted felon based on his guilty plea to the earlier felony. This Court held that upon pleading guilty, the defendant's "status as a 'convicted felon'

---

14. *Id.*

15. The Commonwealth recognizes that a prior conviction may not be utilized under the PFO statute unless, "(1) The time for appealing the convictions has expired without appeal having been taken, or (2) Matter of right appeal has been taken pursuant to § 115 of the Constitution of Kentucky and the judgment of conviction has been affirmed." *Melson v. Commonwealth*, 772 S.W.2d 631, 633 (Ky.1989). The Court of Appeals held in *Commonwealth v. Lopez*, 267 S.W.3d 685, 690 (Ky.App.2008) that where pretrial diversion is revoked, the trial court may allow the defendant to withdraw his guilty plea under Kentucky Rules of Criminal Procedure (RCr) 8.10. Under this holding, a defendant's guilty plea

under a pretrial diversion agreement is not a final conviction for purposes of the PFO statute because the plea could be withdrawn. We do not address this issue because we hold that when a defendant's pretrial diversion agreement has not been revoked, a sentence has not been imposed. Without imposition of a sentence on a prior felony conviction, a defendant does not have the status of a PFO.

16. *Alford*, 400 U.S. 25, 91 S.Ct. 160.

17. KRS 533.250(1)(f).

18. *Prather*, 301 S.W.3d at 22–23.

19. 95 S.W.3d 828 (Ky.2003).

was established...."[20] And the defendant would remain a convicted felon until the defendant successfully completed the diversion program.[21]

■ Although a defendant is considered convicted of the offense, for certain purposes, once he enters the guilty plea, this alone is not enough for the conviction to form the basis of a PFO 2 charge. The plain language of KRS 532.080(2) provides specific requirements for previous felony convictions that must be met before a defendant can be indicted for being a PFO 2. One of the requirements is the imposition of a sentence to a term of imprisonment of one year or more or a death sentence. We are not at liberty to read this prerequisite out of the statute. If a sentence of one or more years' imprisonment or death has not been imposed, a felony conviction cannot meet the requirements of a previous felony conviction under the PFO statute; and the conviction cannot form the basis of a PFO charge. The question here is whether a sentence for a felony conviction has been imposed when a defendant was granted pretrial diversion on that conviction.

## III. A SENTENCE IS NOT IMPOSED ON A DEFENDANT WHO IS PARTICIPATING IN A PRETRIAL DIVERSION PROGRAM.

Under the Commonwealth's proposed interpretation of the PFO statute, at the time the defendant pleads guilty and goes on diversion, the defendant is not only considered a convicted felon, a felony sentence is also imposed. According to the Commonwealth, the pretrial diversion order sufficiently imposes a sentence on the defendant by outlining the potential sentence the defendant will receive if he fails to meet the terms of the pretrial diversion agreement. We disagree.

As explained above, the PFO statute places specific requirements on which prior felony convictions can form the basis of a PFO 2 charge. A felony conviction upon a guilty plea under a pretrial diversion agreement does not meet those requirements. The defendant is considered convicted of the felony when he pleads guilty, but a sentence for that felony conviction is not yet imposed.

Although our case law does not address this issue directly, the Court has acknowledged that a sentence on a diverted charge is imposed only after revocation of pretrial diversion. In *Thomas*, the Court recognized that the guilty plea establishes a defendant's status as a convicted felon; "and all that [remains is] the imposition of a sentence."[22] And we have stated that an order of diversion

simply memorializes an agreement that exists between the Commonwealth and

---

**20.** *Id.* at 829.

**21.** In *Prather*, this Court cited *Thomas* for the proposition that a defendant is considered convicted of the felony offense once he enters the guilty plea under a pretrial diversion agreement. The defendant in *Prather* received a total sentence of six months' imprisonment on a misdemeanor charge and was granted pretrial diversion on a felony charge. When the defendant's pretrial diversion was later revoked, the trial court sentenced the defendant to two years' imprisonment and did not credit him for the time spent in custody on the misdemeanor convictions. The Court

held that because a defendant has the same right to sentencing if his diversion is revoked as if he had not been granted diversion, "the final sentencing on the felony should be, for concurrent sentencing purposes, as if he had been sentenced" at the time of his guilty plea. 301 S.W.3d at 22–23. So the defendant should have been granted credit for the time spent in custody on his misdemeanor convictions under the concurrent sentencing provision in KRS 532.110(1)(a). *Id.*

**22.** 95 S.W.3d at 829.

the defendant and halts prosecution between admission of guilt and imposition of sentence. Accordingly, the trial court's jurisdiction over the diverted case is extinguished in two circumstances: (1) upon the imposition of sentence in an unsuccessful diversion; or (2) upon entry of an order listing the charges as "dismissed-diverted" as required by KRS 533.258(1) after successful completion of the diversion agreement.[23]

The trial court imposes a sentence on the defendant only after diversion is revoked and the trial court holds a sentencing hearing.[24] Unlike sentences of probation or conditional discharge,[25] pretrial diversion is not a sentencing alternative; it is an "interruption of prosecution prior to final disposition"[26] of a case that enables defendants "to obtain deferred sentencing for a specified period of time."[27] "With probation, the trial court ... first decides on a sentence of imprisonment, but then imposes conditions for release and supervision—in lieu of implementation of incarceration—at sentencing."[28] In diversion proceedings, a defendant is granted diversion subject to a guilty plea; but only if the trial court revokes diversion is the defendant sentenced. If the defendant successfully completes diversion, a sentence will never be imposed; and the conviction will be dismissed-diverted.

At the time the defendant pleads guilty, the Commonwealth recommends a sentence should the defendant not successfully complete the terms of the diversion agreement. The trial court is free to consider this recommended sentence but is not required to adopt the recommendation. This is reflected in the pretrial diversion order for Derringer, which states that "the Commonwealth has agreed to recommend a sentence of [five years,] and this is the maximum sentence the Court may impose under this plea agreement in the event the Court finds that [Derringer] failed to successfully complete Pretrial Diversion." The order also provides that if Derringer's pretrial diversion is revoked, the Court "may impose" the sentence recommended by the Commonwealth.

The imposition of a sentence only after pretrial diversion is revoked and a sentencing hearing is held comports with a trial court's general sentencing duties. A "trial court may impose a sentence of imprisonment (with exceptions not applicable here) only 'after due consideration of the nature and circumstances of the crime and the history, character[,] and condition of the defendant.'"[29] "[A] plea agreement can never be the only factor weighing into

23. *Ballard v. Commonwealth,* 320 S.W.3d 69, 73 (Ky.2010); *see also Peeler,* 275 S.W.3d at 224 (citation omitted) (stating that pretrial diversion programs enable "qualifying defendants to obtain deferred sentencing for a specified period of time.").

24. *Prather,* 301 S.W.3d at 22 (*citing Peeler,* 275 S.W.3d at 225).

25. KRS 533.010(1).

26. *Flynt,* 105 S.W.3d at 424.

27. *Peeler,* 275 S.W.3d at 224 (*citing Flynt,* 105 S.W.3d at 417).

28. *Jones v. Commonwealth,* 319 S.W.3d 295, 297 (Ky.2010) (citation omitted). Conditional discharge is similar to probation "with the trial court setting the terms and conditions of release at the time of sentencing. But unlike probation, traditional conditional discharge is unsupervised." *Id.* at 297–98 (citation omitted).

29. *McClanahan v. Commonwealth,* 308 S.W.3d 694, 702 (Ky.2010) (*citing* KRS 533.010(2)).

the judge's sentencing decision. A plea agreement does not relieve the judge of the statutory directives with respect to sentencing[,] and it does not supplant the judge's duty to make an independent determination of the appropriate sentence." [30] And "a trial court abuses its discretion by automatically accepting or rejecting a guilty plea without first making the particularized and case-specific determinations that the plea is legally permissible and, considering all the underlying facts and circumstances, appropriate for the offense(s) in question." [31]

The 'underlying facts and circumstances' we referred to in *Chapman* would include the contents of the presentence report required by RCr 11.02 and KRS 532.050, as well as the nature and circumstances of the specific crimes to which [the defendant] pled guilty, and the history, character, and condition of the defendant as required by KRS 533.[010].[32]

 So when a defendant is granted pretrial diversion, a sentence is not imposed until diversion is revoked and the trial court holds a sentencing hearing and makes an independent determination of the appropriate sentence. In order for a prior felony conviction to form the basis of a PFO 2 charge, KRS 532.080(2)(a) requires that a sentence to a term of imprisonment of one year or more or a death sentence must have been imposed. It follows that the felony charge to which the defendant pled guilty under a pretrial di-

version agreement is not a "previous felony conviction" under the PFO statute until after the trial court imposes the requisite sentence. So a conviction for which a defendant is currently on diversion cannot be used to indict that defendant as a PFO 2 when he commits a subsequent felony offense.

## IV. THE PRIOR FELONY SENTENCE MUST HAVE BEEN IMPOSED AT THE TIME THE DEFENDANT COMMITS THE LATER CRIME.

The question arises whether the Commonwealth in Derringer's case could have sought revocation of the pretrial diversion order and charged Derringer with being a PFO 2 after the trial court sentenced Derringer on the previously diverted felony conviction. We find it pertinent to answer this question for the benefit of the bench and bar. And we hold that a defendant cannot be charged with being a PFO in this situation.

 For purposes of a PFO 2 charge, a prior felony conviction must occur before the defendant commits the later crime that the Commonwealth is seeking to enhance.[33] "[I]t is not the act but the conviction which must precede the commission of a present offense in order to trigger a[PFO] charge." [34] A defendant is only convicted of a prior felony under the PFO statute if a sentence of one year or more or death has been imposed. As stat-

30. *Knox v. Commonwealth*, 361 S.W.3d 891, 897 (Ky.2012).

31. *Chapman v. Commonwealth*, 265 S.W.3d 156, 177 (Ky.2007).

32. *Knox*, 361 S.W.3d at 897–98.

33. *Bray v. Commonwealth*, 703 S.W.2d 478, 479–80 (Ky.1985); *see also* WILLIAM S. COOPER and DONALD P. CETRULO, KENTUCKY INSTRUCTIONS TO JURIES CRIMINAL § 12.29 ("You will find the

Defendant guilty of being a Second–Degree Persistent Felony Offender under this Instruction if, and only if, you believe from the evidence ... [t]hat prior to (date of present offense), the Defendant was convicted of (ID felony)....").

34. *Dillingham v. Commonwealth*, 684 S.W.2d 307, 309 (Ky.App.1984).

ed above, a sentence has not been imposed on a defendant whose pretrial diversion agreement remains unrevoked. When on diversion, the sentence is not imposed until after diversion is revoked and the trial court holds a sentencing hearing and enters a sentence. So if a defendant's pretrial diversion agreement has not been revoked at the time he commits a new crime, he has not been convicted of a prior felony offense at the time he commits the new crime because a sentence has not been imposed. And the PFO statute will not apply to enhance the sentence of the later crime.

The pretrial diversion agreement must be revoked and the sentence for that crime imposed at the time the defendant commits the later felony that the Commonwealth seeks to enhance under the PFO statute. So the Commonwealth could not have simply charged Derringer with being a PFO 2 after revocation of his pretrial diversion agreement and imposition of his sentence.

### V. CONCLUSION.

For the foregoing reasons, we hold that a conviction for which a defendant is currently on diversion cannot be used to indict that defendant as a PFO 2 when he commits a subsequent felony offense. And we conclude that the sentence on the prior felony must be imposed at the time the defendant commits the subsequent crime in order for the conviction to support a PFO 2 charge.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. All concur. SCHRODER, J., not sitting.