**Blondell RICHARDSON, Appellant**

v.

**COMMONWEALTH OF KENTUCKY, Appellee**

**NO. 2014–CA–000851–MR**

Court of Appeals of Kentucky.

RENDERED: AUGUST 14, 2015; 10:00 A.M.

Rehearing Denied December 14, 2015

Discretionary Review denied by Supreme Court August 17, 2016

BRIEF FOR APPELLANT: Samuel N. Potter, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, Thomas A. Van De Rostyne, Assistant Attorney General, Frankfort, Kentucky.

1. Kentucky Revised Statutes.

BEFORE: ACREE, CHIEF JUDGE; D. LAMBERT AND MAZE, JUDGES.

*OPINION*

MAZE, JUDGE:

Blondell Richardson appeals from an order of the Estill Circuit Court voiding his pretrial diversion and sentencing him to two years in prison. Richardson asserts that KRS [1] 533.256(2) required the trial court to employ the criteria provided in KRS 439.3106 prior to entering its order. We agree. Hence, we reverse and remand.

**Background**

On January 14, 2011, a grand jury indicted Richardson on a felony charge of Receipt of Stolen Property stemming from Richardson's theft of a rifle. Richardson later entered an *Alford*[2] plea and moved for pretrial diversion. The Commonwealth did not object to this motion, and in a January 12, 2012 order, the trial court granted Richardson's motion, placing him on unsupervised diversion for two years. The order conditioned diversion of Richardson's sentence on his sobriety, compliance with the Department of Probation and Parole, and compliance with all laws. The order also made clear that Richardson faced imprisonment if he failed to comply with these conditions.

On December 13, 2013, the Commonwealth filed a motion to void Richardson's diversion following his implication two months prior in twelve counts of Cruelty to Animals in the second degree. Following Richardson's March 26, 2014 conviction on these charges, and after a hearing on the Commonwealth's motion, the trial court entered an April 1, 2014 order voiding diversion.

2. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

In its order, the trial court referenced RCr[3] 8.04 and KRS 533.256 in support of its voidance of Richardson's diversion following his violation of the conditions imposed. The trial court opined that KRS 439.3106, which imposes criteria for trial courts to consider prior to revoking probation, was inapplicable to voidance of diversion. Instead, it found by a preponderance of the evidence that Richardson failed to comply with the terms of his diversion and sentenced him to two years' imprisonment. Richardson now appeals.

### Standard of Review

■ That Richardson violated the terms of his diversion is an undisputed fact on appeal. The question before us is whether the trial court properly interpreted and applied statutes regarding the voidance of diversion and the revocation of probation. Therefore, contrary to the Commonwealth's assertion that we must show deference to the trial court, we review this question of law *de novo*. *See Commonwealth v. Gamble*, 453 S.W.3d 716 (Ky. 2015) (citation omitted).

### Analysis

■ The General Assembly created the pretrial diversion program in 1998 with the addition to the Kentucky Penal Code of various statutes setting out the procedure for granting and voiding a defendant's diversion. Regarding the latter, KRS 533.256 states, in pertinent part:

(1) If the defendant fails to complete the provisions of the pretrial diversion agreement within the time specified, or is not making satisfactory progress toward the completion of the provisions of the agreement, the Division of Probation and Parole, the victim, or a peace officer may inform the attorney for the Com-

monwealth of the alleged violation or noncompliance, and the attorney for the Commonwealth may apply to the court for a hearing to determine whether or not the pretrial diversion agreement should be voided and the court should proceed on the defendant's plea of guilty in accordance with the law.

(2) In making a determination as to whether or not a pretrial diversion agreement should be voided, *the court shall use the same criteria as for the revocation of probation*, and the defendant shall have the same rights as he or she would if probation revocation was sought.

(Emphasis added). This statute has remained unchanged since its enactment in 1998, despite the General Assembly's passage of House Bill (HB) 463 in 2011.

Prior to HB 463, trial courts enjoyed broad authority and discretion in revoking an individual's probation limited only by a preponderance standard and the minimum dictates of due process. *Miller v. Commonwealth*, 329 S.W.3d 358, 359 (Ky. App. 2010) (citation omitted). However, with HB 463 and the creation of KRS 439.3106, the General Assembly provided new criteria. That statute states:

Supervised individuals shall be subject to:

(1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the of-

**3.** Kentucky Rules of Criminal Procedure.

fender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

In 2014, our Supreme Court held that, while trial courts retain discretion in revoking probation, consideration of the criteria provided in KRS 439.3106 is a mandatory prerequisite to revocation. *See Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky. 2014). It follows that, by operation of the unambiguous language of KRS 533.256(2), the new criteria for the revocation of probation set out in KRS 439.3106 also applies to the voidance of diversion.

The Commonwealth urges against such a conclusion. It first argues that diversion and probation are fundamentally distinct from one another and therefore require distinct treatment upon voidance or revocation. Specifically, the Commonwealth points to the following language from the Supreme Court's decision in *Commonwealth v. Derringer*, 386 S.W.3d 123 (Ky. 2012):

> The trial court imposes a sentence on the defendant only after diversion is revoked and the trial court holds a sentencing hearing. Unlike sentences of probation or conditional discharge, pretrial diversion is not a sentencing alternative; it is an "interruption of prosecution prior to final disposition" of a case that enables defendants "to obtain deferred sentencing for a specified period of time." "With probation, the trial court ... first decides on a sentence of imprisonment, but then imposes conditions for release and supervision—in lieu of implementation of incarceration—at sentencing." In diversion proceedings, a defendant is granted diversion subject to a guilty plea; but only if the trial court revokes diversion is the defendant sentenced. If the defendant successfully completes diversion, a sentence will never be imposed; and the conviction will be dismissed-diverted.

*Derringer* at 130 (internal citations omitted). The Commonwealth also notes that KRS 439.3106 refers to "supervised individuals" while Richardson's diversion was unsupervised.

Nevertheless, the trial court incorrectly concluded that KRS 439.3106 is inapplicable to the voidance of diversion. It is true that diversion and probation are, by their respective natures, distinct; however, at least one authority expressly and undeniably bonds them: KRS 533.256(2). Nothing the Commonwealth cites on appeal, including the distinctions acknowledged in *Derringer*, can overcome the fact that KRS 533.256(2) expressly compels trial courts to consider "the same criteria as for the revocation of probation[.]" Nor can the Commonwealth's arguments change that KRS 533.256(2) makes no distinction between its application to individuals on supervised diversion and its application to those on unsupervised diversion.[4]

The General Assembly did not amend KRS 533.256(2) when it enacted HB 463 and KRS 439.3106. In the absence of evidence to the contrary, we are restrained by the rules of statutory construction from assuming that our legislature did not intend the result which arose from such a combination of action and inaction. *See, e.g., Reyes v. Hardin Cnty.*, 55 S.W.3d 337, 342 (Ky. 2001) ("[I]n construing statutes it must be presumed that the Legislature intended *something* by what it attempted to do[.]"). In short, until or unless the

---

4. It should also be noted that the definitions which precede and apply to KRS 439.3106 also make no such distinction. They define a "supervised individual" as "an individual placed on probation by a court or serving a period of parole or post-release supervision from prison or jail." KRS 439.250(10).

General Assembly amends KRS 533.256(2), we can only read the statute as an unqualified invocation of the criteria now found in KRS 439.3106.

Accordingly, on remand, the trial court must consider the factors provided in KRS 439.3106. Specifically, the trial court must consider, and enter findings regarding whether Richardson, as a result of his conduct while on diversion, poses a "significant risk" to the community or the victim of his 2011 offense and whether he can be "appropriately managed [within] the community[.]" KRS 439.3106(1); *see also Andrews* at 778. Should the trial court find evidence of substance supporting such a result, voidance of Richardson's diversion would be appropriate. In the alternative, the court may impose sanctions "other than revocation" based upon criteria provided in KRS 439.3106(2), including the severity of Richardson's behavior in violating his diversion, as well as his risk of future criminal behavior.

## Conclusion

The trial court described application of KRS 439.3106 in proceedings concerning diversion "illogical." However, the unequivocal language of KRS 533.256(2) nonetheless compels it. Therefore, the trial court's failure to apply KRS 439.3106 constituted error. The April 1, 2014 order of the Estill Circuit Court must be reversed and the matter remanded to that court for further proceedings to determine whether voidance of Richardson's diversion is appropriate.

ALL CONCUR.