RENDERED: JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0595-MR

JUSTIN KIMBERLIN                                          APPELLANT

v.
APPEAL FROM HENRY CIRCUIT COURT
HONORABLE KAREN A. CONRAD, JUDGE
ACTION NOS. 17-CR-00014 AND 17-CR-00090

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

LAMBERT, JUDGE: Justin Kimberlin appeals from the Henry Circuit Court's

final judgment and sentence of imprisonment following the court's order voiding

his pretrial diversion. Because the trial court failed to make findings required by

KRS[1] 439.3106, we reverse and remand with instructions.

---

[1] Kentucky Revised Statutes.

Kimberlin was facing two separate counts of possession of a controlled substance (methamphetamine) when he negotiated a guilty plea with the Commonwealth in January 2018. As part of his plea, he agreed to a sentence of two consecutive three-year terms of imprisonment, which would be subject to supervised diversion for two years. Several months later, the Commonwealth moved to revoke Kimberlin's diversion, alleging he had absconded from supervision. The parties resolved the issue by agreeing Kimberlin could remain on diversion by completing drug court.

Unfortunately, over the course of the following year, Kimberlin repeatedly violated drug court rules, most often due to positive tests for kratom.[2] The trial court responded by extending his supervision period for two years. Finally, after Kimberlin was terminated from drug court, the trial court prepared to void his diversion and sentence him pursuant to his plea agreement. In a hearing held on March 12, 2020, Kimberlin's defense counsel argued in favor of an alternative sentencing plan, contending that Kimberlin could benefit from in-patient treatment. Defense counsel also argued that Kimberlin could be treated in the community and was not a risk to the community. The trial court focused on the

---

[2] "Kratom" is a plant native to Southeast Asia, the leaves of which contain mind-altering compounds. Kratom DrugFacts, NAT'L INST. ON DRUG ABUSE, https://www.drugabuse.gov/publication/drugfacts/kratom (last visited Jan. 21, 2021). At the time of this writing, kratom is not a federally-banned substance. However, drug courts may forbid drug court participants from consuming it; *see, e.g.*, *Croley v. Commonwealth*, No. 2014-CA-1775-MR, 2015 WL 6437225 (Ky. App. Oct. 23, 2015).

number of Kimberlin's violations of drug court rules before finding that Kimberlin had been given many opportunities to improve. The trial court then declared it was not convinced by counsel's arguments and indicated it would sentence Kimberlin. In its order voiding diversion, the trial court only stated "terminated from drug court," without further reasoning or findings for its decision. The trial court thereafter sentenced Kimberlin to a total of six years' imprisonment. This appeal followed.

A trial court's decision to void pretrial diversion uses the same criteria as a decision to revoke probation. *Richardson v. Commonwealth*, 494 S.W.3d 495, 498 (Ky. App. 2015). "A decision to revoke probation is reviewed for an abuse of discretion." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citing *Commonwealth v. Lopez*, 292 S.W.3d 878 (Ky. 2009)). "Under our abuse of discretion standard of review, we will disturb a ruling only upon finding that 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Id*. (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

A trial court traditionally has "broad discretion in overseeing a defendant's probation, including any decision to revoke[.]" *Andrews*, 448 S.W.3d at 777. This traditional deference was somewhat qualified when, "[i]n 2011, the Kentucky General Assembly enacted the Public Safety and Offender

Accountability Act, commonly referred to as House Bill 463 ('HB 463')." *Id*. at 776 (internal quotation marks omitted). Included as part of this legislation, KRS 439.3106(1)(a) provides the following:

> Supervised individuals shall be subject to . . . [v]iolation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community[.]

Our courts have consistently held that this statutory provision requires a trial court "to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked." *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019) (quoting *Andrews*, 448 S.W.3d at 780). The trial court's findings may be made orally or in a written order. *Id*. Finally, as mentioned previously, "the new criteria for the revocation of probation set out in KRS 439.3106 also applies to the voidance of diversion." *Richardson*, 494 S.W.3d at 498.

For his sole issue on appeal, Kimberlin argues the trial court failed to make the appropriate findings required by KRS 439.3106. A review of the record supports this argument; the trial court did not make the required statutory findings, either orally or by written order, in accord with *Andrews* and its progeny. The

Commonwealth concedes the issue and admits the error below was palpable, citing *Burnett v. Commonwealth*, 538 S.W.3d 322, 324 (Ky. App. 2017). We agree.

For the foregoing reasons, we reverse the judgment and sentence of imprisonment imposed by the Henry Circuit Court. On remand, the trial court shall conduct a new hearing on voiding Kimberlin's diversion to allow the court to consider sanctions other than imprisonment. If the trial court finds Kimberlin should be incarcerated based on the findings outlined in KRS 439.3106, the trial court shall explicitly state those findings for the record, either orally or by written order, before entering a new judgment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Molly Mattingly
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky