RENDERED: DECEMBER 20, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0725-MR

DAVID R. NICHOLS                                                  APPELLANT

v.             APPEAL FROM MARION CIRCUIT COURT
HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NOS. 00-CR-00095 AND 00-CR-00105

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: David R. Nichols (Nichols) appeals from an April 13, 2023, Order of the Marion Circuit Court denying his motion to vacate his judgment pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. We affirm.

## BACKGROUND

In 2002, Nichols was convicted by a jury of wanton murder, assault under extreme emotional disturbance, and of being a second-degree persistent felony offender (PFO II). The trial court, in accordance with the jury's

recommendation, sentenced Nichols to life in prison for the wanton murder conviction, and ten-years' imprisonment for the assault under extreme emotional disturbance conviction, to run concurrently. The Kentucky Supreme Court reversed Nichols' assault conviction and upheld the wanton murder conviction. *Nichols v. Commonwealth*, 142 S.W.3d 683 (Ky. 2004). The trial court dismissed the assault conviction on remand based on the Commonwealth's motion.

In 2005, Nichols filed a *pro se* motion pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42 alleging ineffective assistance of counsel. Through counsel, Nichols filed a supplemental memorandum to his motion, seeking relief under either RCr 11.42 or CR 60.02(e) and (f). After an evidentiary hearing, the trial court denied Nichols' motion. On appeal, this Court affirmed. *Nichols v. Commonwealth*, Action Nos. 2012-CA-001010-MR, 2012-CA-002020-MR, 2014 WL 2040130, at *1 (Ky. App. May 16, 2014).

Nichols, *pro se*, filed a second motion in March 2012 pursuant to CR 60.02(e) and (f), claiming that his judgment was void because he was sentenced to an illegal sentence. On May 7, 2012, the trial court denied the motion as time-barred, successive, and without merit. Nichols, *pro se*, filed a second motion pursuant to RCr 11.42 on May 20, 2012, alleging ineffective assistance of appellate counsel. On June 4, 2012, Nichols filed a Notice of Appeal from the trial court's May 7, 2012, Order denying his CR 60.02 motion. "On October 9, 2012, Nichols

filed a motion for ruling pursuant to SCR [Supreme Court Rule] 1:030(3), claiming the trial court failed to rule on his RCr 11.42 motion alleging [ineffective assistance of appellate counsel]." *Id*. at \*1. Nichols' motion was denied by the trial court, as it found "no evidence of flaws in the trial proceedings for which appellate counsel neglected to seek relief." *Id*. at \*1.

Nichols appealed both the May 7, 2012, Order denying him relief pursuant to CR 60.02 and the Order denying him relief under RCr 11.42. *Id*. This Court consolidated both appeals and affirmed the trial court's ruling on both motions. In February 2023, Nichols filed a third motion pursuant to CR 60.02 asking the trial court to vacate his judgment. Action No. 00-CR-00095, Record at 248. The trial court denied the motion and this appeal follows.

STANDARD OF REVIEW

"CR 60.02 relief is discretionary. The rule provides that the court '*may*, upon such terms as are just, relieve a party from its final judgment . . . [.]'" *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983). The denial of a CR 60.02 motion is reviewed for an abuse of discretion. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). A trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "Absent

some flagrant miscarriage of justice," this Court will not overturn the trial court's decision on a CR 60.02 motion. *Gross*, 648 S.W.2d at 858.

## ANALYSIS

We first note that motions made pursuant to CR 60.02(e) and (f) must be made timely and must not be successive to other post-conviction motions. *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014); *Gross*, 648 S.W.2d at 858. The Kentucky Supreme Court has determined that bringing a motion pursuant to CR 60.02 five years after final judgment is not timely. *Gross*, 648 S.W.2d at 858. Including the motion that is the subject of his present appeal, Nichols has filed five post-conviction motions over the course of the 23 years since he was sentenced. However, arguments that an appellant has received an illegal sentence may be brought at any time. *Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018) ("[A]n appellate court is not bound to affirm an illegal sentence just because the issue of the illegality was not presented to the trial court."). Therefore, while Nichols' motion is both untimely and successive, we will reach the merits of Nichols' arguments.

On appeal, Nichols makes three arguments. First, Nichols argues that he received ineffective assistance of counsel pursuant to RCr 11.42. However, because Nichols failed to bring this issue to the trial court, the argument is not properly preserved for appellate review. "[A] party may not raise an issue for the

-4-

first time on appeal[.]" *Koteras v. Commonwealth*, 589 S.W.3d 534, 540 (Ky. App. 2018) (quoting *Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d 826, 835 (Ky. 2012)). As provided in RCr 11.42(10), "[a]ny motion under this rule shall be filed within three years after the judgment becomes final[.]" Nichols raised his ineffective assistance of counsel argument for the first time in his appellate brief herein, and it has been more than three years after the judgment became final as Nichols was sentenced in 2002. Therefore, his ineffective assistance of counsel argument is barred.

Second, Nichols argues that he received an illegal sentence when he was convicted of being a PFO II, as wanton murder cannot be enhanced with a PFO II conviction pursuant to *Berry v. Commonwealth*, 782 S.W.2d 625 (Ky. 1990), *overruled on other grounds by Chestnut v. Commonwealth*, 250 S.W.3d 288 (Ky. 2008). "The law of the case doctrine is 'an iron rule, universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal[.]'" *TECO Mechanical Contractor, Inc. v. Kentucky Labor Cabinet*, 474 S.W.3d 153, 158 (Ky. App. 2014). This Court has already determined in a previous Opinion that Nichols did not receive an illegal sentence. *Nichols*, 2014 WL 2040130, at *3 ("Nothing in the record suggests that Nichols' sentence was enhanced by his PFO conviction, or that the failure to follow the procedure of requiring the jury to first set a sentence for the underlying

offense resulted in the jury imposing a longer sentence than the law allows."). Thus, Nichols' argument that he was given an illegal sentence is without merit.

Finally, Nichols argues that his constitutional right against double jeopardy was violated when the PFO II sentence enhancement was applied to both the wanton murder and assault convictions. A PFO conviction is a specific criminal status that allows the trial court to enhance the punishment for a crime committed by a defendant who qualifies as a PFO. *Commonwealth v. Derringer*, 386 S.W.3d 123, 126 (Ky. 2012). In this case, the jury found Nichols to be a PFO II based on his prior felony convictions. "Once the status of persistent felony offender has been established, the defendant can receive enhanced punishment on each and every subsequent felony." *Derringer*, 386 S.W.3d at 126. Double jeopardy was not violated when the jury found Nichols to be a PFO II. Even though *Berry* prohibits murder charges from being enhanced by PFO convictions, life imprisonment was already a possible sentence for a wanton murder conviction without a PFO enhancement. *Nichols*, 2014 WL 2040130, at *3. Furthermore, Nichols' assault conviction was dismissed by the trial court following the Kentucky Supreme Court's decision in *Nichols v. Commonwealth*, 142 S.W.3d 683 (Ky. 2004). Nichols' right against double jeopardy was not violated, and he did not receive an illegal sentence.

## CONCLUSION

For the foregoing reasons, the April 13, 2023, Order of the Marion Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

David R. Nichols, *pro se*
Central City, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Frankfort, Kentucky