**Robert HAMM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2010–CA–000395–MR.**

Court of Appeals of Kentucky.

May 11, 2012.

■■■■■■■■■■■■■■■■■■■■■■■■■■

Robert C. Yang, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Joshua D. Farley, Assistant Attorney General, Frankfort, KY, for appellee.

Before LAMBERT, THOMPSON, and VANMETER, Judges.

## OPINION

LAMBERT, Judge:

Robert Hamm has appealed from the order of the Boyd Circuit Court revoking his pretrial diversion and imposing a forty-eight-month sentence. The Commonwealth concedes that the circuit court's revocation was improper in light of the Supreme Court of Kentucky's recent ruling in *Commonwealth v. Marshall,* 345 S.W.3d 822 (Ky.2011). Because we agree with both Hamm and the Commonwealth, we reverse the circuit court's ruling.

Hamm is the father of two children born during his marriage to Angela Beth McDowell. Hamm and Angela married in 1992, and they were divorced in 1996 by order of the Boyd Circuit Court. Angela was awarded custody of the children. By default judgment entered by the Circuit Court of Wayne County, West Virginia, Hamm was ordered to pay $253.00 per month in child support beginning on April 1, 1998, through payments to the Child Support Enforcement Division in Charleston. Ten years later, Angela filed a criminal complaint against Hamm in Boyd County, Kentucky, stating that he had unlawfully and persistently failed to provide support as ordered resulting in an arrearage of over $1,000.00. As of September 30, 2008, the arrearage totaled $31,878.00. After Hamm was arrested in June 2009, the Commonwealth filed a criminal information and waiver of grand jury indictment on July 30, 2009, charging Hamm with Flagrant Nonsupport pursuant to Kentucky Revised Statutes (KRS) 530.050.

On September 2, 2009, Hamm entered into a plea agreement with the Commonwealth, whereby he agreed to plead guilty to Flagrant Nonsupport for being permitted to enter into a diversion agreement. The circuit court accepted his plea following a colloquy whereby the court ascertained that Hamm understood the terms of the agreement and was entering into the agreement knowingly and voluntarily. The court then entered its judgment the following day and sentenced Hamm to the maximum term of forty-eight months in the penitentiary, but the court postponed the sentence for five years pursuant to the terms of the diversion agreement. The diversion agreement provided that Hamm was to pay court costs in the amount of $158.50 by January 6, 2010, as well as remain current on his monthly child support payment of $253.00 and pay $150.00 each month toward his child support arrearage, which as of July 31, 2009, equaled $34,408.00.

When Hamm failed to pay court costs on January 6, 2010, the circuit court issued a bench warrant for his failure to appear that day. The matter came before the court for review the next month. The Commonwealth informed the court that Hamm had not been making his child support payments and orally moved to revoke his diversion for his failure to do so. The court then scheduled a hearing which was held on February 17, 2010. At the hearing, Hamm appeared with appointed counsel and admitted that he had not made his support payments, citing his inability to pay. Prior to the entry of the judgment diverting his sentence, Hamm had been in jail for 72 days, and upon his release, he

was unable to find employment. He did not own any property or a car, and he was living in a trailer park in Ashland with an old man. The only money he earned was through odd jobs he found doing yard work and maintenance, making about $20.00 per job and $40.00 per week. What he did earn went to pay for his rent and food. At the conclusion of the hearing, the circuit court found that Hamm had violated the terms of his diversion agreement and, accordingly, revoked his diversion and sentenced him to forty-eight months in the state penitentiary. This appeal follows.

On appeal, Hamm contends that the circuit court violated his due process rights enunciated by the United States Supreme Court in *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), by failing to determine whether his failure to pay was willful or to consider any alternatives to incarceration. After Hamm had filed his brief, this Court placed the appeal in abeyance on the Commonwealth's motion pending a decision in *Commonwealth v. Marshall, supra,* which had not yet been decided. Upon finality in *Marshall,* the matter was returned to the Court's active docket, whereupon the Commonwealth filed its brief conceding that the circuit court's revocation was improper in light of *Marshall.* We agree.

■ In *Marshall, supra,* the Supreme Court considered appeals in two separate actions arising from motions to revoke for failure to comply with conditions requiring the payment of child support. The Supreme Court conducted an extensive review of the existing authority, including *Bearden* and other recent Kentucky precedent. Relying in part on *Bearden,* the Court held:

> [D]ue process requires that the trial court considering revocation for nonpayment of support (1) consider whether the probationer has made sufficient bona fide efforts to pay but has been unable

to pay through no fault of his own and (2) if so, consider whether alternative forms of punishment might serve the interests of punishment and deterrence. This holding is consistent with existing Kentucky and United States Supreme Court precedent concerning motions to revoke probation for failure to pay fines or restitution.

*Marshall,* 345 S.W.3d at 823–24. Based upon this holding, a trial court must complete a *Bearden* analysis before revoking a defendant's probation or conditional discharge for failure to comply with court ordered child support payments. In so holding, the Supreme Court confirmed that *Bearden* extends beyond the payment of fines and restitution.

The *Marshall* Court then reconfirmed that the trial court is required to "make clear findings on the record specifying the evidence relied upon and the reasons for revoking probation." *Marshall,* 345 S.W.3d at 824. The trial court must include "findings about whether the defendant made sufficient bona fide efforts to make payments." *Id.* Furthermore, "[t]hese due process requirements apply regardless of whether child support payment conditions were imposed by the trial court or whether the defendant agreed to these conditions as part of a plea agreement." *Id.* In cases where the defendant's plea agreement was conditioned on his agreement to make child support payments, "the trial court may properly focus its inquiry on post-plea financial changes without revisiting whether the defendant was able to make payments at the time the guilty plea was entered." *Id.*

Finally, the Court confirmed the relative burdens in probation revocation hearings:

> As with all probation revocation hearings, the Commonwealth has the burden of proving a probation violation by a preponderance of the evidence. But if

the Commonwealth has shown that payment conditions were violated by the defendant's failure to make the required payments, the probationer bears the burden of persuading the trial court that he made bona fide efforts to comply with payment conditions but was unable to do so through no fault of his own. The trial court must afford the probationer an opportunity to present evidence of reasons for nonpayment but may focus consideration on post-plea changes if defendant entered a guilty plea to flagrant nonsupport, particularly where he agreed to make payments under a plea agreement. The trial court must specifically find whether the probationer made sufficient bona fide efforts to comply with payment obligations. If so, the trial court must then consider whether alternative measures might accomplish interests in punishment and deterrence or if imprisonment is necessary to accomplish these objectives.

*Id.* at 834 (footnotes omitted).

In the case before us, the circuit court revoked Hamm's diversion at the conclusion of the hearing for the sole reason that he had failed to make his child support payments pursuant to the terms of his diversion agreement. The circuit court did not address the *Bearden* factors at all, including whether Hamm had made sufficient bona fide efforts to pay, but was unable to do so through no fault of his own, and if so, whether alternative forms of punishment might apply. Accordingly, we must hold that the circuit court abused its discretion in revoking Hamm's diversion without first making such inquiries and appropriate findings pursuant to *Marshall.*

For the foregoing reasons, the order of the Boyd Circuit Court revoking Hamm's diversion is reversed, and this matter is remanded for further proceedings in accordance with this opinion.

ALL CONCUR.