DIXON, JUDGE:
Moreial Lamaur Zanders appeals from the Fayette Circuit Court's order setting aside his felony diversion entered on July 17, 2017. Upon careful review, we vacate and remand.
The underlying events leading to Zanders's conviction are not at issue. On April 4, 2017, a Fayette County grand jury indicted Zanders on charges of fleeing or evading police, first degree, in a motor vehicle;[1] wanton endangerment, first degree;[2] driving with a DUI suspended license, second offense;[3] disregarding a traffic control device;[4] and theft by unlawful taking under $500.[5] The Commonwealth certified in the discovery compliance notice it had provided discovery, which included Zanders's criminal history, to his DPA[6] attorney on April 13, 2017. At the same time, the Commonwealth extended an offer and allowed Zanders to apply for the pretrial diversion program.[7] Zanders *78 did so and was accepted by the Commonwealth into the diversion program. After approving Zanders's application, the Commonwealth offered a three-year sentence diverted for five years under the felony diversion program in exchange for his guilty plea on the first charge, and twelve months on the third charge. It also recommended dismissing the second, fourth, and fifth counts of the indictment. Zanders then pled guilty on May 12, 2017, to fleeing or evading, first degree, and driving on a suspended license. In a judgment entered on May 15, 2017, in accordance with the plea agreement, the trial court accepted Zanders's guilty plea and apparently sentenced him accordingly.
Shortly thereafter, another attorney with the DPA, who represented Zanders in an earlier criminal matter (a 2014 case),[8] contacted the trial court to request reconsideration of its denial of shock probation. The trial court requested a written motion. On receiving the motion, it set a joint hearing for both cases to determine why diversion had been granted in the current case although Zanders's probation in the 2014 case had been revoked. At the hearing, the Commonwealth made an oral motion to set aside the first plea agreement, effectively revoking Zanders's eligibility for diversion and declaring he would not have been accepted had the Commonwealth fully considered the probation revocation from the 2014 case. The trial court granted the Commonwealth's motion after assessing the circumstances presented during the hearing. Zanders then moved the trial court to reconsider. The trial court denied Zanders's motion and he then entered a conditional guilty plea to the original terms of the Commonwealth's offer. The new plea agreement included a concurrent sentence of one year on the fleeing or evading charge and twelve months on the driving on a suspended license charge, without diversion, on July 14, 2017. This appeal followed.
The question before us is whether the trial court properly interpreted and applied the statutory authority regarding the voidance of diversion and the revocation of probation. Therefore, we review this question of law de novo. See Commonwealth v. Gamble , 453 S.W.3d 716 (Ky. 2015) (citation omitted).
There is no dispute that Zanders was eligible for pretrial diversion. The Commonwealth conceded that Zanders met all the statutory requirements for the felony diversion program pursuant to KRS 533.250. Therefore, we need only consider whether the trial court erred in voiding Zanders's diversion agreement.
While Zanders asks us to reverse the trial court on the basis of principles of contract law, we believe that KRS 533.256 provides the only vehicle through which a trial court may void a pretrial diversion, essentially revoking probation. This statute provides:
(1) If the defendant fails to complete the provisions of the pretrial diversion agreement within the time specified, or is not making satisfactory progress toward the completion of the provisions of the agreement, the Division of Probation and *79 Parole, the victim, or a peace officer may inform the attorney for the Commonwealth of the alleged violation or noncompliance, and the attorney for the Commonwealth may apply to the court for a hearing to determine whether or not the pretrial diversion agreement should be voided and the court should proceed on the defendant's plea of guilty in accordance with the law.
(2) In making a determination as to whether or not a pretrial diversion agreement should be voided, the court shall use the same criteria as for the revocation of probation, and the defendant shall have the same rights as he or she would if probation revocation was sought.
(3) Making application for a pretrial diversion agreement tolls any statute of limitations relative to the criminal offenses for which the application is made for the period until the application is granted or denied. Approval of the application for pretrial diversion by the court tolls any statute of limitations relative to criminal offenses diverted for the period of the diversion agreement.
(4) If the court voids the pretrial diversion agreement, the court shall notify the applicable prosecutor in writing that the pretrial diversion agreement has been voided and the reasons for the action. The prosecutor shall decide whether or not to proceed on the plea of guilty in accordance with the law.
Additionally, KRS 533.256 has been interpreted to require the consideration of KRS 439.3106 prior to voiding any pretrial diversion. The Court in Richardson v. Commonwealth , 494 S.W.3d 495 (Ky. App. 2015), explains this connection:
The General Assembly created the pretrial diversion program in 1998 with the addition to the Kentucky Penal Code of various statutes setting out the procedure for granting and voiding a defendant's diversion. Regarding the latter, KRS 533.256 states, in pertinent part:
(1) If the defendant fails to complete the provisions of the pretrial diversion agreement within the time specified, or is not making satisfactory progress toward the completion of the provisions of the agreement, the Division of Probation and Parole, the victim, or a peace officer may inform the attorney for the Commonwealth of the alleged violation or noncompliance, and the attorney for the Commonwealth may apply to the court for a hearing to determine whether or not the pretrial diversion agreement should be voided and the court should proceed on the defendant's plea of guilty in accordance with the law.
(2) In making a determination as to whether or not a pretrial diversion agreement should be voided, the court shall use the same criteria as for the revocation of probation, and the defendant shall have the same rights as he or she would if probation revocation was sought.
(Emphasis added). This statute has remained unchanged since its enactment in 1998, despite the General Assembly's passage of House Bill (HB) 463 in 2011.
Prior to HB 463, trial courts enjoyed broad authority and discretion in revoking an individual's probation limited only by a preponderance standard and the minimum dictates of due process. Miller v. Commonwealth , 329 S.W.3d 358, 359 (Ky. App. 2010) (citation omitted). However, with HB 463 and the creation of KRS 439.3106, the General Assembly *80 provided new criteria. That statute states:
Supervised individuals shall be subject to:
(1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
(2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.
In 2014, our Supreme Court held that, while trial courts retain discretion in revoking probation, consideration of the criteria provided in KRS 439.3106 is a mandatory prerequisite to revocation. See Commonwealth v. Andrews , 448 S.W.3d 773 (Ky. 2014). It follows that, by operation of the unambiguous language of KRS 533.256(2), the new criteria for the revocation of probation set out in KRS 439.3106 also applies to the voidance of diversion.
Id. at 497-98.
Here, the trial court failed to consider either KRS 533.256 or KRS 439.3106 in determining whether to void Zanders's pretrial diversion. From the record before us, it would appear that none of the factors permitting voidance exists. However, as the trial court apparently did not contemplate either statute prior to its decision, we will remand to the trial court for consideration of these statutes should the Commonwealth continue to seek voidance of Zanders's pretrial diversion.
For the foregoing reasons, we vacate the Fayette Circuit Court's order and judgment on conditional guilty plea and final sentence of imprisonment entered July 17, 2017, and remand for further proceedings consistent with this opinion.
ALL CONCUR.

Kentucky Revised Statute (KRS) 520.095, a Class D felony.

KRS 508.060, a Class D felony.

KRS 189A.090(2)(B), a Class A misdemeanor.

KRS 189.231(2), a violation.

KRS 514.030, a Class A misdemeanor.

Department of Public Advocacy.

Felony diversion memorializes an agreement between the Commonwealth and a defendant which halts prosecution between a guilty plea and sentencing. Ballard v. Commonwealth , 320 S.W.3d 69, 73 (Ky. 2010). At the successful completion of the program, the charge is dismissed from the defendant's record. Kentucky Rule of Criminal Procedure (RCr) 8.04.

Zanders had received probation when he pleaded guilty to misdemeanor unauthorized use of a motor vehicle in case number 14-CR-01271. On February 10, 2017, the same division of the trial court had revoked Zanders's probation for absconding. Zanders made all his appearances in the current case from custody due to the probation revocation in the 2014 case.