RENDERED:  OCTOBER 9, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1352-MR

CHANCE BREWER                                          APPELLANT

                         APPEAL FROM FAYETTE CIRCUIT COURT
v.                      HONORABLE THOMAS L. TRAVIS, JUDGE
                          ACTION NO. 17-CR-00726

COMMONWEALTH OF KENTUCKY                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

CLAYTON, CHIEF JUDGE:  Chance Brewer ("Brewer") appeals from the Fayette

Circuit Court's final judgment voiding his pretrial diversion and sentencing him to

three years' imprisonment.  Upon review of the record and applicable law, we

affirm.

## BACKGROUND

In February of 2017, Brewer was stopped for a traffic violation in Fayette County. At that time, Brewer's license was suspended and he had four outstanding warrants for his arrest, so he gave the name, birth date, and phone number of his cousin to avoid arrest. It was only once Brewer's cousin, Tyler Adams, received a letter from the Department of Transportation advising that Adams's license was going to be suspended that Adams filed a theft of identity report with the Lexington Police Department. Upon further investigation, officers determined that it was Brewer who had given the false information.

On July 11, 2017, a Fayette County grand jury indicted Brewer on one count of theft of identity of another without consent. Brewer ultimately pled guilty to the charge on March 16, 2018. The Commonwealth recommended a three-year sentence with supervised diversion for five years, which the trial court granted. The diversion order required that Brewer obey all rules and regulations imposed by the Department of Probation and Parole, commit no other offenses during the pretrial diversion period, and have no violations of the Kentucky Penal Code. The order also made clear that Brewer faced a sentence of three years' imprisonment if he failed to comply with the foregoing conditions.

At the time that the trial court granted his pretrial diversion, Brewer also had pending charges in both Jessamine County and Pulaski County. Brewer

had been arrested and charged in Jessamine County on August 5, 2017, for burglary in the third degree. Additionally, Brewer had been arrested and charged in Pulaski County on February 27, 2018 for several felonies, including theft by unlawful taking over $10,000. Ultimately, Brewer was convicted of a number of the charged felonies in Pulaski County and sentenced on October 8, 2018 to a total of twenty years' imprisonment. Brewer's sentence was probated so long as he entered a long-term treatment program.

Brewer entered such a program but ultimately absconded on October 12, 2018. On October 15, 2018, Brewer's probation and parole officer entered a violation of supervision report and affidavit with the court which stated Brewer's supervision violations, including "actively concealing his whereabouts from Probation and Parole" and "abscond[ing] his supervision." The officer recommended revocation in all cases and indicated that "[d]ue to the nature of the offenses, graduated sanctions are not appropriate in this case."

On October 17, 2018, the Commonwealth moved to void Brewer's diversion based on the new felony convictions in Jessamine and Pulaski counties as well as the fact that Brewer had absconded from supervision. On October 26, 2018, the trial court heard and orally sustained the Commonwealth's motion to void Brewer's diversion. Because he had absconded, Brewer was not present for this court appearance, and the trial court also entered a bench warrant for Brewer's

arrest for failing to appear at a motion hour, noting that Brewer had five warrants for his arrest in Pulaski and Jessamine counties. On October 29, 2018, the trial court entered an order granting the Commonwealth's motion to void Brewer's diversion agreement.

Brewer was ultimately returned to custody on February 26, 2019. Thereafter, on May 3, 2019, the trial court entered an order setting aside its previous order voiding Brewer's diversion after it was brought to the trial court's attention that Brewer had a right to be present at any hearing wherein his pretrial diversion was revoked.

On May 30, 2019, the Commonwealth filed another motion to void Brewer's diversion. In its motion, the Commonwealth renewed the arguments in its first motion and added that Brewer had been indicted in Fayette County on April 22, 2019 on a new felony case for three counts of theft by unlawful taking, one count of third-degree criminal mischief, and one count of being a second-degree persistent felony offender.

On May 31, 2019, the trial court held a hearing on the Commonwealth's motion. At this hearing, defense counsel requested an evidentiary hearing as well as a continuance to adequately prepare for such hearing. The trial court denied both requests. The Commonwealth called one witness, Brewer's officer from Probation and Parole, who was unable to specify

the dates of the offenses that were being used to support revocation. The officer stated that he did not know when Brewer was arrested or when the crimes were committed in either the Jessamine County or Pulaski County cases, only that Brewer was formally charged and convicted of the offenses during his period of diversion. The officer also testified that Brewer had absconded from supervision from October 12, 2018 until February 26, 2019, along with testifying to the fact that Brewer had a new indictment in Fayette County.

The trial court orally sustained the Commonwealth's motion to void Brewer's diversion on the basis that – during his diversion period – Brewer had received three felony convictions from Pulaski County, a new felony charge in Fayette County, absconded from supervision, and failed to make numerous court appearances. The trial court entered a corresponding written order on June 6, 2019. Thereafter, the trial court formally sentenced Brewer to three years' imprisonment on July 30, 2019. Brewer now appeals as a matter of right.

## ANALYSIS

Brewer first argues that he was denied his right to due process when his diversion was revoked for conduct that occurred prior to his diversion period. In other words, Brewer argues that the conduct leading to the charges in Jessamine and Pulaski counties occurred prior to his diversion period, and therefore his

convictions for those charges should not have been used as a basis by which to void his diversion period.

Generally, an appellate court reviews a decision to revoke probation for an abuse of discretion. *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014) (citation omitted). Under the abuse of discretion standard of review, this Court "will disturb a ruling only upon finding that the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citation and internal quotation marks omitted). Brewer acknowledges that his argument is unpreserved in part and requests palpable review, which we will undertake. For an error to be palpable, it "must be so grave in nature that if it were uncorrected, it would seriously affect the fairness of the proceedings." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006) (citation omitted). Manifest injustice results from a "defect in the proceeding [that is] shocking or jurisprudentially intolerable." *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006).

In this case, we can discern no such error. Even if we were to determine that Brewer's convictions during his diversionary period could not be used as the basis for voiding his diversion, the fact remains that Brewer also violated the terms of his supervised diversion order when he absconded for approximately four months in contravention of his duty to obey all rules and

regulations imposed by Probation and Parole. Pursuant to Kentucky Rule of

Criminal Procedure (RCr) 8.04(4)(b):

> The [trial] court may order the [diversion] agreement terminated and the prosecution resumed if, prior to completion of the agreement by the defendant, the court finds at a hearing the existence of one of the following:
>
> . . .
>
> (ii) The defendant has committed a material violation of the agreement or has failed to complete the terms of the agreement.

Approximately seven months after entering into the diversion agreement, Brewer absconded from his supervised diversion and failed to communicate with his probation and parole officer for approximately four months. We would deem this to be a material violation of the agreement and, as a result, we see no manifest injustice resulting from the trial court's decision.

Brewer next argues that the trial court erred in voiding his diversion because it failed to adequately apply the provisions of Kentucky Revised Statute (KRS) 439.3106. Specifically, Brewer argues that the trial court improperly made general conclusory findings and relied on a check-box form in its findings and conclusions of law. Here, Brewer maintains that this argument was preserved during the diversion revocation hearing when Brewer's counsel requested alternative conditions rather than revoking Brewer's diversion. Alternatively, the Commonwealth contends that Brewer's request for alternative conditions did not

sufficiently preserve this specific issue for review, and that we should therefore review for manifest injustice only.

Pursuant to KRS 533.256(2), "[i]n making a determination as to whether or not a pretrial diversion agreement should be voided, the court shall use the same criteria as for the revocation of probation, and the defendant shall have the same rights as he or she would if probation revocation was sought." Additionally, KRS 533.256 has been interpreted to require the consideration of KRS 439.3106 prior to voiding any pretrial diversion. *Zanders v. Commonwealth*, 572 S.W.3d 76, 79 (Ky. App. 2019). Pursuant to KRS 439.3106:

> [s]upervised individuals shall be subject to . . . [v]iolation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community[.]

Therefore, as stated by a panel of this Court in *Richardson v. Commonwealth*, "while trial courts retain discretion in revoking probation, consideration of the criteria provided in KRS 439.3106 is a mandatory prerequisite . . . to the voidance of diversion." 494 S.W.3d 495, 498 (Ky. App. 2015) (citation omitted).

To comply with the statutory requirements, "[s]pecific findings of fact addressing the statutory criteria may be either written or oral." *Compise v. Commonwealth*, 597 S.W.3d 175, 180 (Ky. App. 2020) (citation omitted).

-8-

Moreover, "[b]oth findings are necessary before a pretrial diversion may be voided." *Id*. (citation omitted). Therefore, we are tasked with ascertaining in this case "whether the evidence of record before us supports such findings and whether the circuit court indeed made such findings." *Id*. (citation omitted).

In this case, at the conclusion of the hearing, the trial court explicitly considered Brewer's violations and the criteria under KRS 439.3106 before finding that Brewer posed a significant risk to the community at large and could not be appropriately managed in the community. Brewer compares his case to *Helms v. Commonwealth*, 475 S.W.3d 637 (Ky. App. 2015), in which a panel of this Court held the trial court's KRS 439.3106 findings to be insufficient. However, in *Helms* we noted that the trial court had "orally and in its written order expressed that it was enforcing [a] zero-tolerance provision" and only "parroted the statutory language" of KRS 439.3106. *Id*. at 645.

Here, in its oral findings the trial court did not merely parrot the statutory language as denounced in *Helms*. Instead, the trial court properly cited Brewer's numerous violations, arrests, bench warrants, and failures to appear in court in support of its ruling. Further, the record shows both documentation and testimony from Brewer's probation and parole officer supporting the trial court's findings. In short, there was sufficient evidence presented to the trial court to support revocation under KRS 439.3106.

# CONCLUSION

For the foregoing reasons, we affirm the Fayette Circuit Court's order voiding Brewer's pretrial diversion and sentencing him to three years' imprisonment.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Kayla D. Deatherage
Assistant Public Advocates
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky