RENDERED:  NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1253-MR

BRANDY SPURLING                                       APPELLANT

v.          APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN S. LAPE, JUDGE
ACTION NO. 16-CR-00273

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
VACATING AND
REMANDING

** ** ** ** **

BEFORE:  LAMBERT, MAZE, AND TAYLOR, JUDGES.

MAZE, JUDGE:  Appellant Brandy Spurling (Spurling) appeals from an order of

the Kenton Circuit Court terminating felony diversion and sentencing her to serve

eighteen months.  Having reviewed the record and the relevant law in this case, we

conclude that the trial court's order terminating Spurling's diversion must be

vacated, and the matter remanded for essential findings.

## I.    BACKGROUND

On April 7, 2016, Spurling was charged by way of a criminal information with a single count of theft by deception over $500 and less than $10,000, arising out of the allegation that she passed numerous bad checks through the ATM at a northern Kentucky credit union. She accepted the Commonwealth's offer on a plea of guilty and received supervised felony diversion for three years or until restitution "is paid in full." A presentence investigation report was ordered and on July 8, 2016, the court entered its order granting diversion according to the agreement.

On June 13, 2019, Spurling's probation and parole officer filed a special supervision report indicating that in the intervening three years no payments had been made. Due to her failure to appear for a scheduled review hearing, a bench warrant was issued, and she was arrested. On September 30, 2019, the court held a hearing on the Commonwealth's motion to revoke.[1] Spurling stipulated to her failure to pay, and the court extended her diversion for an additional three years, requiring payments of $500 per month.

---

[1] "Strictly speaking, pretrial diversion is voided, not revoked. *See* [Kentucky Revised Statutes] KRS 533.256. But, as a practical matter, the two terms are functionally synonymous." *Hunt v. Commonwealth*, No. 2020-CA-0411-MR, 2022 WL 880140, at *2 (Ky. App. Mar. 25, 2022), *discretionary review denied and ordered not published* Sep. 14, 2022.

On July 7, 2021, another special supervision report was generated indicating that she still had made no payments. This was followed by another bench warrant and another arrest. A revocation hearing was scheduled for August 30, 2021. At that time, counsel was appointed based upon Spurling's testimony that she was unable to hire an attorney since she had only been working for two months and had three children.

Finally, on September 14, 2021, a hearing was held on the Commonwealth's motion to revoke her pretrial diversion. After stipulating to the violation, Spurling's counsel stated that she had been unable to make payments because she had lost her job due to her felony record. She also indicated that Spurling had three children, including a daughter in college. She informed the court that she had paid off some bills and was attending school with the benefit of student loans.

The Commonwealth noted that Spurling had made no effort to make any payments, doing nothing and expecting her victim to wait. The prosecutor expressed doubt that Spurling had been unable to get a job in six years. However, he did concede that she had no new charges.

The court terminated her diversion and immediately sentenced her to serve eighteen months. On October 1, 2021, the court entered its Order Terminating Felony Diversion in which it noted that Spurling had stipulated to

"[f]ailure to make restitution as directed." The court then found that, "Defendant's failure to comply with the conditions of supervision by failing to pay restitution as directed, constitutes a significant risk to prior victims of the supervised individual or the community at large, and Defendant cannot be appropriately managed in the community. The Defendant's actions clearly show that revocation is necessary as the Defendant cannot be appropriately supervised." This appeal followed.

On appeal Spurling argues three due process violations. First, she asserts that the court failed to assess her ability to pay restitution. Second, she claims the court also failed to consider the requirements of KRS 439.3106. Finally, she argues that her due process rights were violated when the court sentenced her without an updated presentence investigation report or a separate sentencing hearing.

## II. STANDARD OF REVIEW

A trial court's decision to void pretrial diversion is reviewed on appeal for an abuse of discretion. *Compise v. Commonwealth*, 597 S.W.3d 175, 180 (Ky. App. 2020). An abuse of discretion occurs where the court's decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). However, the record herein does not reflect that Spurling objected to any of the alleged errors and, therefore, they are unpreserved.

## III. ABILITY TO PAY RESTITUTION

Spurling argues that the palpable error standard remains appropriate. for any unpreserved error herein as it affects "substantial rights" and resulted in "manifest injustice[.]" RCr[2] 10.26. However, it is only properly considered "if it is clear or plain under current law[.]" *Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009).

In *Lainhart v. Commonwealth*, 534 S.W.3d 234 (Ky. App. 2017), the Court found that the trial court's failure to make required findings pursuant to *Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983) and *Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky. 2011), constituted palpable error. The Court found that "[t]o deprive Lainhart of her conditional freedom without making such findings was a violation of due process. Moreover, based on the uncontroverted evidence presented at the voidance hearing, we believe there is a 'substantial possibility' that the outcome may have been different absent the court's error." 534 S.W.3d at 239. It concluded that there had been "manifest injustice" such that the error was palpable. *Id.*

The Commonwealth urges the Court to consider any error waived pursuant to the principle of "invited error" based upon Spurling's failure to testify

---

[2] Kentucky Rules of Criminal Procedure.

on her own behalf at the revocation hearing. *Clayton v. Commonwealth*, No. 2020-CA-0468-MR, 2021 WL 840350, at \*4 (Ky. App. Mar. 5, 2021).

In *Gray v. Commonwealth*, 203 S.W.3d 679, 686 (Ky. 2006), the Court discussed the concept of invited error, writing:

> Although most criminal cases addressing the issue of invited error do so in the context of a criminal defendant's waiver of his right to a jury trial, *see United States v. Page*, 661 F.2d 1080, 1082-83 (5th Cir. 1981); *Jackson v. Commonwealth*, 113 S.W.3d 128, 134-36 (Ky. 2003), the rationale behind the notion that one cannot commit to an act (such as waiving a jury trial) and later complain on appeal that the trial court erred to his detriment is equally applicable when a criminal defendant fails to act (such as foregoing the opportunity to question a witness) as Appellant's defense counsel did here. "A defendant cannot complain on appeal of alleged errors invited or induced by himself, particularly where . . . it is not clear that the defendant was prejudiced thereby." *United States v. Lewis*, 524 F.2d 991, 992 (5th Cir. 1975), *cert. denied*, 425 U.S. 938, 96 S. Ct. 1673, 48 L. Ed. 2d 180 (1976).

In this case, it is not at all clear from the record that the decision not to testify was Spurling's choice. Her trial counsel stipulated to the violation on her behalf. The court then found her guilty of a probation violation. Thereafter, her attorney advised the court that Spurling had lost her job because of her criminal record, that she had three children (including a daughter in college), and that she herself was in school with the benefit of student loans. Proof of her school attendance was presented to the court. This was the only documentary evidence

provided and it does not appear to have been formally marked as evidence nor made a part of the court's record. Neither counsel nor the court made any attempt to examine Spurling under oath. Under these circumstances, the Court cannot find that she "invited" the trial court's error in the same manner as a party who consciously refuses to act.

"Findings are a prerequisite to any unfavorable decision and are a minimal requirement of due process of law." *Rasdon v. Commonwealth*, 701 S.W.2d 716, 719 (Ky. App. 1986) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973)). In *Bearden v. Georgia*, 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983), the Court held that where a probationer is to be deprived of his freedom due to failure to make a court-ordered payment, the court is obliged to conduct an inquiry as to the reason for such failure. In *Commonwealth v. Marshall*, 345 S.W.3d 822 (Ky. 2011), the Court extended this requirement to include the failure to pay child support and indicated that the inquiry must take place on the record and document the evidence upon which the court relied in making its revocation decision. To comply with *Marshall*, the court must "(1) consider whether the probationer has made sufficient bona fide efforts to pay but has been unable to pay through no fault of his own and (2) if so, consider whether alternative forms of punishment might serve the interests of punishment and deterrence." *Id.* at 824.

Here, as in *Hamm v. Commonwealth*, 367 S.W.3d 605 (Ky. App. 2012), there were no findings, oral or written, as to these two factors. Such a failure represents a clear abuse of discretion. *Id.* at 608.

## IV. KRS 439.3106

Although Spurling's trial counsel made no specific reference to the statute, she did ask the court to consider continuing her diversion. On appeal, she asserts that this statement was sufficient to preserve the argument. In the alternative she asks that it be reviewed under the palpable error standard.

In *Lainhart*, *supra*, the Court specifically held that failure to make the requisite findings pursuant to KRS 439.3106 constituted error under "current law" and that there was a "substantial possibility" that the results of the hearing voiding Lainhart's diversion agreement would have been different without that error and, therefore, the trial court's failure to make findings resulted in "manifest injustice." 534 S.W.3d at 238.

KRS 439.3106(1) provides that those under court-ordered supervision are subject to:

> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions, which may assist the offender to remain compliant and crime-free in the community.

In *Helms v. Commonwealth*, 475 S.W.3d 637, 641 (Ky. 2015), the Court recognized that voiding pretrial diversion is to be treated the same as probation revocation pursuant to KRS 533.256(2). Therefore, the trial court is required to follow the statutory criteria of KRS 439.3106. *Richardson v. Commonwealth*, 494 S.W.3d 495,499 (Ky. App. 2015); *Zanders v. Commonwealth*, 572 S.W.3d 76, 79-80 (Ky. App. 2019). Such findings, written or oral, as to its elements are to be made with specificity. *McClure v. Commonwealth*, 457 S.W.3d 728 (Ky. App. 2015).

However, here, as in *Helms*, the court's written order simply parroted the language of the statute. A court must do more than simply "perfunctorily reciting the statutory language . . . ." 475 S.W.3d at 645. The court made no oral findings. Therefore, it does not appear that the trial court ever addressed the issue of whether Spurling's failure to comply with the terms of her diversion posed a significant risk to prior victims or to the community at large and whether she could be properly managed in the community. Whether reviewed under an abuse of discretion or a palpable error standard, such dereliction of statutory responsibility warrants relief. *Walker v. Commonwealth*, 588 S.W.3d 453, 459 (Ky. App. 2019).

-9-

## V.   SENTENCING

The Commonwealth concedes that the court erred in its failure to hold a separate sentencing hearing.  *Peeler v. Commonwealth*, 275 S.W.3d 223 (Ky. App. 2008).  Further, KRS 532.050, RCr 11.02, and *Fields v. Commonwealth*, 123 S.W.3d 914 (Ky. App. 2003), all mandate that sentencing decisions are not made in the absence of a presentence investigation report prepared by a probation officer. The record in this case indicates no such report was made in advance of the September 14, 2021, proceeding.  Spurling's assertion of error in this regard is also well taken.

## VI.   CONCLUSION

Accordingly, we vacate and remand the Kenton Circuit Court's Order Terminating Felony Diversion for essential findings and a separate sentencing hearing as set forth in this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Sarah D. Dailey
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Robert Baldridge
Assistant Attorney General
Frankfort, Kentucky